## PACIFIC AMERICAN GASOLINE CO. OF TEXAS et al. v. MILLER et al.

### No. 4085.

Court of Civil Appeals of Texas. Amarillo.
May 24, 1933.

Rehearing Denied July 5, 1933.

Walter David and Trulove & Frazee, all of Amarillo, for appellants.

Weeks, Morrow & Francis, of Wichita Falls, for appellees.

MARTIN, Justice.

Parties to this appeal will be designated as in the trial court.

The only question involved is the action of the trial court in overruling a plea of privilege.

Such of the facts pleaded by plaintiffs and deemed essential to a proper understanding of the question hereafter discussed are, in substance and effect, briefly as follows:

The Pacific American Gasoline Company of Texas, one of the defendants herein, was the owner of a casinghead gasoline plant situated and operated in Hutchinson county, Tex. It had a contract with the J. M. Huber Company of Louisiana, Inc., to buy from it residue gas, and one with the J. M. Huber Petroleum Company to furnish to it casinghead gas. All of its stock was owned by the Pacific American Gasoline Company of Nevada.

About May, 1930, the J. M. Huber Petroleum Company purchased all of said stock and all the assets of the American Gasoline Company of Texas and went into possession of same. Prior to this time the Pacific American Gasoline Company of Texas had issued $350,000 in gold notes, payable to bearer, which notes were owned and held by the stockholders of the said Nevada corporation. Each of these notes contained a provision in substance that so long as they were outstanding the company should pay no dividends, make no sale of its entire assets, or create any future indebtedness without the consent of 80 per cent. of the holders thereof. These notes were dated in March, 1929, and due January 1, 1934. In the event of payment before maturity, all were to be paid ratably, so as not to prefer one note holder over another. In the contract of sale with the Huber Com-

pany already referred to, the existence and validity of these notes were recognized in the contract. Certain provisions were inserted therein having to do with the protection of said note holders. Some of these notes appear to have been given circulation by their owners and more than $100,000 of them came into the possession of plaintiffs. Thereafter their validity was denied and a purported settlement was made between the J. M. Huber Petroleum Company and certain of the note holders, who were less than 80 per cent. of the original number, by the terms of which their amount was reduced some 25 per cent. and a deed of trust was executed on the properties of the Pacific American Gasoline Company to secure these. This settlement excluded all the plaintiffs, and certain facts are alleged to show that they and each of them will lose their indebtedness unless relief is granted to them and that the effect of such agreement was to prefer some of the parties who originally gave these notes circulation as against those who had purchased same in good faith in the open market, and that a conspiracy existed between defendants for the purpose of defrauding these plaintiffs and preventing the payment of the notes held by them. We deem it unnecessary to lengthen this opinion by a recital of all facts alleged.

A suit was filed by Miller, a purchaser of some of these original "gold notes," on the 13th day of February, 1932, in Potter county, complaining of the Pacific American Gasoline Company of Texas and of Nevada, the J. M. Huber Petroleum Company, the J. M. Huber Company of Louisiana, Inc., and R. C. Ware, who is named as trustee in the trust deed already mentioned and who, it is alleged, resided in Potter county. The two Huber companies were alleged to be foreign corporations doing business in and with an agent in Hutchinson county, Tex. These were called primary defendants. The holders of the settlement notes secured under the contract aforesaid were named as secondary defendants. The prayer of the petition was in part for the cancellation of said trust deed and for an injunction against Ware, and certain others of the defendants.

The district court of Potter county had in 1932 an April, July, and October term to convene after the filing of Miller's suit. On the 14th day of April, 1932, Ard, Anderson, and Murphy intervened, adopting the allegations of the plaintiff Miller's said petition. On July 22, 1932, the remaining plaintiffs herein intervened, also adopting the allegations of said petition. On April 12, 1932, all of the defendants except the Pacific American Gasoline Company of Nevada filed an answer as against the original plaintiff Horace G. Miller, on August 9, 1932, the Pacific American Gasoline Company of Texas and R. C. Ware filed an answer to the intervention of said

last-named parties. When court convened in August, 1932, the defendants appeared in open court and obtained an order to amend their pleadings. The August term adjourned without any plea of privilege having been filed. On October 11, 1932, the original plaintiff, Miller, and all of said interveners filed an amended petition as plaintiffs against all the original defendants, except the Pacific American Gasoline Company, of Nevada. Its allegations were, in substance, the same as the one filed in February. Soon after the filing of this petition and at the October term, 1932, of the district court of Potter county, pleas of privilege were filed by the defendants against all the plaintiffs except Horace G. Miller. The trial court overruled these pleas, from which order defendants appealed.

The contention of the two Huber corporations under the above facts presents the most serious question, and a discussion and disposition of it will sufficiently dispose of the entire case.

■ A fact case precisely identical with the present one has not been found by us. The inherent power of the district court of Potter county to try and finally dispose of the issues involved here will, we apprehend, not be denied. The right to have same removed to and tried by a court in the county of defendants' residence is a personal privilege which may be waived. This is too well settled to require discussion or citation of authority.

■ It may be stated generally that a party to a suit who asks for and obtains from a court any order which calls into being the exercise of its judicial functions thereby submits himself to its jurisdiction.

■ In this case the parties above named first answered in April. The only named plaintiff at that time was Miller, but the action was brought as a class suit "for the use and benefit of all the other holders of said gold notes who will join * * * and contribute to the expenses hereof." We do not regard the unnamed gold note holders as actual parties to the suit. Box v. Oliver (Tex. Civ. App.) 43 S.W.(2d) 979, and authorities there cited.

They were at most only potential plaintiffs and the matter is mentioned only to show that the defendants had notice of this fact when their answer was filed in April, 1932. Subsequently and before the August term of court, all the present plaintiffs, except Miller,

filed pleas of intervention, the effect of which, in our opinion, was to make them coplaintiffs with Miller. After this and presumably with knowledge of the above, at the August term of the Potter county district court, defendants appeared in open court and obtained an order from such court to amend their pleadings.

■ Article 2001, R. C. S. 1925, provides, in substance, that pleadings may be amended when court is in session under leave of the court upon such terms as the court may prescribe, etc. The district court has a large discretion in such matters. Bear v. H. & T. C. Ry. Co. (Tex. Civ. App.) 265 S. W. 246; El Paso Electric Ry. Co. v. Buttrey (Tex. Civ. App.) 260 S. W. 897. See, also, note 9 to article 2001, Vernon's Ann. Civ. St. 1925, for a full collation of authorities. This is mentioned merely to illustrate the character of the act of the district court invoked by the defendants and that it was judicial in its nature. In the case of Swift & Co. v. Duckett (Tex. Civ. App.) 13 S.W.(2d) 237, 239, there has been collated a list of authorities passing on various acts held to constitute a waiver of a plea of privilege. Many of these are deemed analogous.

Defendants' plea of privilege was filed at the October term of court after said order was procured at the preceding August term. If the defendants had not already submitted themselves to the jurisdiction of the district court of Potter county prior to the said August term, they clearly did so at such term by appearing in open court and obtaining from the court the order above mentioned.

It seems to be contended by defendants here that the character of the action was changed by the last amendment filed by plaintiffs in which Miller and all interveners were formally made plaintiffs, and that since the plea of privilege was filed as soon as the interveners became actual plaintiffs, it was not filed too late. We are not able to agree with this contention. In our opinion the difference is one of name only. The interveners, prior to the August term, 1932, occupied precisely the same relation towards the subject-matter of the suit and towards defendants as did the plaintiff Miller. Green v. La Rue Oil Association (Tex. Civ. App.) 272 S. W. 623, 626; 47 C. J. page 115.

Other interesting questions raised in the briefs will not be discussed in view of our disposition of the above question.

The judgment is affirmed.