EX PARTE CLAUDE D. BIRKHEAD.

No. 7119. Decided June 24, 1936.
(95 S. W., 2d Series, 953.)

*C. C. Jopling,* of La Grange, for relator.

Article 4639a of the Revised Statutes, under which the judgment was entered requiring relator to make certain payments to his divorced wife for the benefit of their minor children, and for the refusal to obey said judgment relator was held in contempt, was void, being in conflict with Constitution Article 1, section 18, prohibiting the imprisonment of any one for debt. Ex parte Ellis, 37 Texas Crim. Rep., 539, 40 S. W., 275; Ex parte Gerrish, 42 Texas Crim. Rep., 114, 57 S. W., 1123; 12 C. J., 939, sec. 447.

*Moss & Moss,* of La Grange, for respondent.

Parents are charged with a natural and legal duty to support their children during minority. Gully v. Gully, 111 Texas, 233, 231 S. W., 97; State v. Deaton, 93 Texas, 247, 54 S. W., 903; Galveston, H. & H. Ry. Co. v. Moore, 59 Texas, 68, 46 Am. Rep., 265.

MR. JUSTICE CRITZ delivered the opinion of the court.

This is an original habeas corpus proceeding instituted in this Court by Claude D. Birkhead, hereinafter designated relator. The record discloses the following pertinent facts:

(1) On December 18, 1935, in a certain cause then pending in the District Court of Fayette County, Texas, relator's wife obtained a judgment divorcing her from him.

(2) At the time the divorce decree was entered, relator and his wife had two minor children, aged five and seven years, respectively, whose care and custody were awarded to the divorced wife.

(3) At the time the divorce decree was entered, and as a part of the same proceeding, the court entered an order requiring relator to pay to the divorced wife, direct or through the district clerk, the sum of $45.00 per month, for the benefit and support of the two minor children. It was ordered that such payments should continue until the children attain the age of sixteen years respectively. The order provides that

the $45.00 per month shall be paid in semi-monthly installments of $22.50 each, payable on the 3rd and 17th days, respectively, of each month.

(4) Relator made the above semi-monthly payments, as directed by the above order, up to the month of May, 1936, but failed and refused, without just cause or excuse, to make the payments due May 3 and May 17, 1936, as required by the above-mentioned order.

(5) On May 28, 1936, the divorced wife filed her petition and affidavit in the District Court of Fayette County, Texas, wherein she made known to the court the fact that relator had failed and refused to make the May, 1936, payments above mentioned, and prayed that relator be cited to appear and show cause why he should not be held in contempt of court for his failure to obey and carry out the court's order regarding such payments.

(6) Relator waived notice regarding the above matter, and appeared and answered, and the cause was set down for hearing on June 3, 1936. At the hearing on such date the district court found the relator had willfully violated the above order, and had willfully failed and refused to make the payments therein required for the month of May, 1936. After making such finding, and other findings not necessary to mention here, the district court adjudged relator in contempt, and assessed against him a fine of $100.00. Also, the judgment of contempt ordered relator committed to jail until he should pay the above fine and cost of the contempt proceeding, and until he should pay the two defaulted installments of $22.50 each for the month of May, 1936, above described.

(7) Relator was duly committed to jail under the above contempt judgment. Application for writ of habeas corpus was then presented to this Court and granted. Also, relator was admitted to bail, pending the decision of his case, by this Court.

■ The case is before us without a statement of facts. We are therefore compelled to assume that the evidence justified the order of contempt.

It appears from the record and the argument of counsel that relator was ordered to make the payments hereinabove described, and held in contempt of court and committed to jail for refusal to obey such order, under the provisions of Article 4639a, Vernon's Texas Civil Statutes, 1936 (Acts 1935, 44 Leg., p. 111, Chap. 39). If this statute is valid, it has been followed in this instance in every particular. . . .

At this point we deem it expedient to here quote the above-mentioned statute. It is as follows:

"Art. 4639a. Further provisions as to children, petition, judgment.—Sec. 1. Each petition for divorce shall set out the name, age, sex and residence of each child under sixteen (16) years of age born of the marriage sought to be dissolved, if any such child or children there be; and if there be no such child or children, then the petition shall so state. No Court having jurisdiction of suits for divorce shall hear and determine any such suit for divorce unless such information is set out in such petition or in each cause of action for divorce. Upon the trial of any such cause, and in the event a divorce is granted by the Court, if there are such minor children, it shall be the duty of such trial Court to inquire into the surroundings and circumstances of each such child or children, and such Court shall .have full power and authority to inquire into and ascertain the financial circumstances of the parents of such child or children, and of their ability to contribute to the support of same, and such Court shall make such orders regarding the custody and support of each such child or children, as is for the best interest of same; and said Court may by judgment, order either parent to make periodical payments for the benefit of such child of children, until same have reached the age of sixteen (16) years, or, said Court may enter a judgment in a fixed amount for the support of such child or children, and such Court shall have full power and authority to enforce said judgments by civil contempt proceedings after ten (10) days notice to such parent of his or her failure or refusal to carry out the terms thereof, and for the purpose of ascertaining the ability of the parents of such child or children to contribute to the support of same, they may be compelled to testify fully in regard thereto, under penalty of contempt of court, as in other cases. Said Court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parents as above provided for, or with his or her consent.

"Sec. 1a. The person or persons to whom the payments above provided for are made under the judgment of the Court shall file sworn monthly reports with the Clerk of the Court before which the cause is pending setting out an itemized statement of the expenditure of such sum or sums of money as may have been received showing in detail the manner in which such money has been spent. The report so filed shall

be examined and approved or disapproved by the judge before which said cause is pending.

"Sec. 2. This Act shall be cumulative of all other laws upon the same subject, and is not intended to repeal any other law upon the subject of the care or support of such minors."

Relator contends that the above statute is unconstitutional and void, because it authorizes imprisonment for debt, in contravention of Section 18 of Article 1 of our State Constitution. That constitutional provisions is as follows:

"No person shall ever be imprisoned for debt."

■ It is our opinion that the above-quoted statute does not create or authorize the creation of a debt, within the meaning of Section 18 of Article 1 of our Constitution, supra. Neither does it authorize imprisonment for debt. It is settled as the law of this State that an allowance by the court for the support of the wife and minor children, pending a divorce suit, is not a debt within the meaning of our constitutional prohibition against imprisonment for debt. Ex parte Davis, 101 Texas, 607, 111 S. W., 394, 17 L. R. A. (N. S.) 1140; Cunningham v. Cunningham, 120 Texas, 491, 40 S. W. (2d) 46, 75 A. L. R., 1305. An allowance after divorce for minor children, where authorized by law, would be no different in this regard.

Since the statute does not create nor authorize the creation of a debt, it cannot be said to authorize imprisonment for debt. When we carefully examine this Act we find that the part thereof which authorizes the district court to compel the spouses to contribute to the support of their children until such children reach the age of sixteen years does not even contemplate a final judgment. To the contrary, the statute expressly confers upon the district court the right to retain jurisdiction of such matter until the children reach the above-mentioned age. In this regard the court is given the power and authority to alter, change, and suspend such orders as the facts and circumstances and justice may require. Also, by the express terms of the statute, the only remedy for the enforcement of such orders is by civil contempt proceedings. The statute makes no provision for execution. The Act throws every safeguard around the parents that they are entitled to under any law, natural or statutory. Under its provisions the court has power and jurisdiction to determine the amount of contribution the parent is able to make, and the amount of contribution the child or children are in need of, and every other issue of law and justice involved. If, after an order for

contribution has been made, conditions change so that it is for any reason unjust or improper, the court has power to again review the matter and enter such further orders and decrees as the circumstances and facts may require. If the conditions are such that the spouse becomes unable to make the contribution that he has been ordered to make, and this through no willful fault of his own, such would be a good defense against contempt proceedings. Finally, should the district court act illegally or arbitrarily in the matter, the injured spouse has his remedy by habeas corpus in this Court. Such a statute, under practically universal authority, does not violate a constitutional prohibition against imprisonment for debt. Ex parte Davis, supra; Cunningham v. Cunningham, supra. Also, we refer to the numerous authorities cited in the opinions just referred to.

In the Davis case, supra, suit for divorce was pending in the district court. The court entered an interlocutory order allowing the plaintiff's wife $100.00 attorney's fees. It was also ordered that the husband should pay into court the sum of $80.00 per month for the support and maintenance of the wife and minor children, pending the final disposition of the divorce case. The evidence showed that the husband was able to pay the sums required of him. The husband disobeyed the above order, and was committed to jail for contempt. Judge Brown, speaking for this Court, reviewed the authorities at considerable length, and held that an allowance by the court of alimony for the support of the wife and minor children, pending divorce, was not a debt which could be enforced by civil proceedings, but that such order could be enforced by contempt proceedings. It was further held that the husband's commitment for contempt in refusing to obey such an order was not imprisonment for debt. The principle of law here involved is exactly the same as was involved in the Davis case, supra, except that at the time the Davis proceedings were had the statute limited the power of the court in the matter under discussion to the time of the pendency of the divorce action. The statute here under consideration expressly only limits the jurisdiction of the court to the time when the children reach the age of sixteen years. Certainly this age limit is low enough.

In the Cunningham case, supra, Judge Greenwood, speaking for this Court, reviews the authorities at great length, and holds that the duty and obligation of parents to care for and support their children during minority is not a debt, but arises

from the status of the parties. The opinion then holds that the courts, without violating the constitutional provision against imprisonment for debt, can enforce obedience to their decrees for the enforcement of the parents' duty and obligation to care for their children, provided such decrees are authorized by statute. It is true that at the time the Cunningham case was decided we had no statute authorizing orders such as this after divorce. We now have such a statute. We here deem it expedient to quote the following from the opinion in the Cunningham case:

"In determining the case of Ex parte Davis, supra, the Supreme Court explicitly declared that the duty and obligation of parents for the support of their children during minority was not a debt but arose from the status of the parties, and that the courts, without violating the constitutional provision against imprisonment for debt, could enforce obedience to their decrees for the enforcement of the parent's duty and obligation, provided such decrees were authorized by the statutes.

"Among the cases cited by Justice Brown to sustain the court's conclusions in Ex parte Davis, was Lewis v. Lewis, 80 Ga., 706, 6 S. E., 918, 12 Am. St. Rep., 281, wherein it was decided relative to a *final* decree for alimony 'that when a court directs the payment of alimony by a husband to his wife, it is a duty he owes, not only to his wife but to the public, to comply with the order; and if he fails to perform that duty, we see no reason why the court cannot compel him to do so by an order of attachment, directing his imprisonment in the event of his failure to comply with the order.'

"In Pain v. Pain, 20 N. C., 322, also cited in Judge Brown's opinion, it is said:

" 'The allowance is not a debt within the meaning of the constitution, as contended before us, for which imprisonment is not permitted. It is an order of a competent court, only to be enforced as are other judicial commands when necessary by process of attachment against the person. The power to award the process is inherent in the court, essential to the exercise of its jurisdiction and the maintenance of its authority. Without the ability to compel obedience to its mandates—whether the order be to surrender writings in possession of a party, to execute deeds of conveyance, to pay money, as in the present case, or to perform any other act the court is competent to require to be done—many of its most important and useful functions would be paralyzed. The wilful disobedience of a lawful order is itself criminal, much more so when the non-

payment of costs adjudged against a prosecutor in a criminal action, and for which he may be imprisoned.'

. "While we have no doubt of the power of the Legislature to so amend our statutes as to empower the courts to decree and compel the payment of allowances for the support of dependent minors as against a parent, either in divorce proceedings or independent of divorce proceedings, yet we are compelled under the existing statutes to deny such relief, when not sought in a divorce suit, pending final judgment. * * *"

From what we have said it is evident that we hold the Act under discussion does not contravene in any particular the provisions of Section 18 of Article 1 of our State Constitution. The relator is therefore remanded to the custody of the Sheriff of Fayette County, Texas.

Opinion delivered June 24, 1936.