## McDONALD v. MERCANTILE NAT. BANK AT DALLAS.

### No. 13203.

Court of Civil Appeals of Texas. Dallas.

April 24, 1942.

Rehearing Denied June 5, 1942.

O'Connor & Douglass and Robert M. Vaughan, all of Dallas, for appellant.

F. W. Bartlett, Jr., and Malone, Lipscomb, White & Seay, all of Dallas, for appellee.

BOND, Chief Justice.

The sole question in this appeal is one of law, whether an order in a divorce suit, directing the father of a minor child to make periodical payments for the benefit of such child is a debt, enforceable by the divorced wife by writ of garnishment. We think the question is definitely settled by our Supreme Court, in Ex parte Davis, 101 Tex. 607, 111 S.W. 394, 17 L.R.A.,N.S., 1140; Cunningham v. Cunningham et al., 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305; O'Neil v. O'Neil, Tex.Civ.App., 77 S.W.2d 554; Russell v. Russell, Tex.Civ. App., 79 S.W.2d 639; Ex parte Birkhead, 127 Tex. 556, 95 S.W.2d 953, following in the light of the applicable statute (Art. 4639a, Vernon's Ann.Civ.St.), which, in effect, makes the obligation inheritably imposed upon parents to adequately support their children, a mandatory duty of the divorce court, to order the support of such minors and enforce its decree by contempt proceedings. The statute and authorities leave no room for argument. The statute is so enacted to meet an urgent situation, specially designed in the interest and for the benefit of the minor child, or children, and enforceable only by contempt. The order is not final; it may be altered, changed, or suspended by the court entering the order, as the facts, circumstances, and justice may require. The wife has no pecuniary interest in the award; her interest is merely the promptings of a mother's filial obedience to the demands of her offsprings that they have necessary support. The order is not enforceable, other than by the means provided by the statute.

Judgment of the court below is affirmed.