Jane Kimberly KLINE, Appellant,

v.

Frank E. WEAVER, Appellee.

No. 13801.

Court of Civil Appeals of Texas.

San Antonio.

June 28, 1961.

Joe Burkett, San Antonio, for appellant.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellee.

BARROW, Justice.

This is an appeal by Jane Kimberly Kline from an order of the court reducing the

support payments from $140 per month for two children, which appellee, her former husband, was required to make in a divorce decree of April, 1959, in Cause No. F–118,-718, to $100 per month, payable semi-monthly. After the 1959 decree appellant moved to the State of Kansas with the children and established her domicile there. This proceeding was brought in the original cause in the same court which granted the divorce, by Weaver's motion filed August 31, 1960, to reduce the support payments as provided in Article 4639a, Vernon's Ann. Civ.Stats. Weaver caused out of State notices to be issued to Mrs. Kline and her present husband, Winwood Kline, which notices were duly served in the State of Kansas. Following service the notices were mailed by respondents to Frederick R. Undritz, a duly licensed and practicing attorney, at San Antonio, Texas, who is the same attorney who represented Mrs. Kline in the divorce proceeding. Colonel Undritz then filed in this proceeding, an instrument that has been denominated an amicus curiae and suggestion of lack of jurisdiction of the court to render the judgment or order sought by petitioner.

Upon the call of the case, Colonel Undritz appeared and testified that when the notices were mailed to him the respondents asked him for his advice, and his advice to them was to file the amicus curiae; that he consulted with both Mrs. Kline and her father who is an attorney in Kansas. Following his advice, Undritz filed the instrument on behalf of Mrs. Kline, her present husband, and her father. He further testified that he had not been paid a fee for his services, but was charging a fee and expected to be paid. He further testified that he was not authorized to represent them on the trial of the merits, but only to file the amicus curiae. At the conclusion of this testimony, the court ruled that the respondents, Mr. & Mrs. Kline, had made an appearance and were in court and that the

case would then proceed. Whereupon, Colonel Undritz left the courtroom and did not participate further in the case. The court then proceeded to hear evidence on the merits, and rendered judgment reducing the support payments to $100 per month. The only question presented here is: Did Mr. & Mrs. Kline make a general appearance in court under the circumstances? We are of the opinion that they did.

█ It is well settled in this State that a true amicus curiae is without interest in the litigation in which he appears. He is a "bystander" whose mission is to aid the court to act only for the personal benefit of the court. A special appearance is unknown to our practice; the filing by a defendant of any defensive pleading, though it be only for the purpose of challenging the jurisdiction of the court, constitutes an appearance and submission to the jurisdiction of the court for all purposes. The courts of this State have consistently so held and many cases might be cited, but we deem it proper to cite only the case of Burger v. Burger, 156 Tex. 584, 298 S.W. 2d 119, a case in which the facts were almost identical, wherein the Supreme Court held that the filing of such a plea constituted an appearance for all purposes.

Appellee by counter-point contends that under the provisions of Art. 4639a, supra, the court in divorce cases has continuing jurisdiction, insofar as support payments for children under eighteen years is concerned, to re-open the case from time to time, and to increase or decrease such payments on motion of either party, and that under the provisions of the statute the court retains jurisdiction of the case as well as the parties. Under the disposition we make of the case, for the reasons above set forth, we do not deem it necessary to pass upon that contention. The judgment is affirmed.