**W. E. THOMPSON, Appellant,**

v.

**Wynona THOMPSON, Appellee.**

No. 16452.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 4, 1963.

Rehearing Denied Nov. 1, 1963.

Nelson & Sherrod and Stan Carter, Wichita Falls, for appellant.

Jones, Fillmore, Robinson & Lambert, Clyde Fillmore and Ray Farabee, Wichita Falls, for appellee.

RENFRO, Justice.

The defendant appealed from a judgment in the amount of $9,600 in favor of his former wife.

The plaintiff Wynona Thompson filed a complaint in the 30th District Court of Wichita County asking that her former husband, W. E. Thompson, be held in contempt for failure to pay child support payments in the amount of $9,675.00. By further pleading she requested the court to extend the child support payments from the child's sixteenth until its eighteenth birthday.

The defendant filed a complaint asking the court to hold the plaintiff in contempt for removing the child from the St'ऋ without permission of the court.

No other pleadings were filed and no evidence was introduced except such as pertained to the two contempt complaints and the motion to extend payments for a two year period.

The court extended the payments for a two year period. The court found that neither party was in contempt of court, but rendered a personal, final money judgment in favor of plaintiff against the defendant for the sum of $9,600, with interest at six per cent from date of judgment, and providing for execution.

The only question before us is whether or not the trial court had authority to enter a personal, final judgment against the defendant under the circumstances.

While under Article 4639a, Vernon's Ann.Civ.St., and Rule 308–A, Texas Rules of Civil Procedure, the trial court has full power and authority to enforce child support orders by civil contempt proceedings, the court in the instant case did not find the defendant guilty of contempt but expressly found that he was not in contempt for failure to make support payments. Instead of ordering the defendant to pay the arrears under contempt order, the court entered personal judgment against the defendant.

In Brito v. Brito, Tex.Civ.App., 346 S.W.2d 133, the court held in a similar case: "* * * it has long been settled that courts cannot grant judgments for arrearages in child support payments under these circumstances."

The Supreme Court in Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119, held: "It seems clear from the decisions that the trial court had no power to enter a judgment such as that sought by Mrs. Burger in this case. Whatever power it has in that regard has been held to come from Art. 4639a, V.A.C.S., and that statute is exclusive."

This court, in Youngblood v. Youngblood, Tex.Civ.App., 163 S.W.2d 731, held that the only remedy for enforcing an order for child support is a civil contempt proceeding as stated in Article 4639a, supra. See also 21 Tex.Jur.2d, pp. 17–18, § 397, wherein it is stated: "* * * it has been held that a judgment directing the parent to make periodical payments for the support of a child may be enforced only by contempt proceedings and that the trial court is without power, on motion of a divorced wife, to reduce child support arrearages to a separate judgment."

Under our construction of the statute and in view of the aforecited authorities, we think clearly the trial court had no authority to enter separate judgment for the amount of the child support arrearages. That portion of the trial court's judgment is reversed. The judgment is affirmed as to extension of payments for a two year period.

Reversed in part and affirmed in part.