**Mordecai M. CLAY et vir, Appellants,**

**v.**

**Ruth Kelly SIERCOVICH, Independent Executrix, et al., Appellees.**

No. 4355.

Court of Civil Appeals of Texas.

Waco.

Feb. 18, 1965.

Ira P. & Elliot W. Jones, Houston, for appellants.

John Shirley, Texas City, for appellees.

WILSON, Justice.

Summary judgment was rendered against plaintiff on her two alternative causes of action attempting to recover from the estate of her deceased husband child-support payments ordered by a Texas divorce decree sixteen years before.

On the first ground of recovery it was alleged that plaintiff's deceased husband had failed to make any payments ordered by the divorce decree for support of the child, who was 17 years of age when the husband died 14 years after the divorce. By this count judgment was sought for the aggregate of the sums unpaid, as an alleged indebtedness. The alternate count was for recovery of sums expended by the wife for necessaries in support of the child to the date of the husband's death, based on the implied obligation of the latter to pay therefor. Defendant filed a special exception asserting any cause of action alleged was barred by the two-year statute of limitation. There is no order on the exception.

The only power of a Texas court to order child support payments in connection with divorce is that provided by Art. 4639a, Vernon's Ann.Civ.St. The periodical payments so ordered do not constitute a debt; they may be enforced only by contempt in the divorce proceeding.[1] If

---

1. See Uniform Reciprocal Enforcement of Support Act, Art. 2328b–3, V.A.C.S.

the order is not complied with, plaintiff "could not maintain an action in any other court in this state to enforce the payment". Execution and garnishment are not authorized. Ex parte Davis, 101 Tex. 607, 608, 111 S.W. 394, 396, 17 L.R.A.,N.S., 1140; Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 49, 75 A.L.R. 1305; Ex parte Birkhead, 127 Tex. 556, 95 S.W. 2d 953, 955. "The wife has no pecuniary interest in the award". Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119, 121. The husband's death did not, as appellant contends, create a right of action which did not exist before. The court's action as to this count was proper. Rule 166-A(a) Texas Rules of Civil Procedure. See Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 100, 15 A.L.R. 564; Bowyer v. Bowyer, 130 Tex. 257, 109 S.W.2d 741, 744.

The alternative count for recovery of sums the wife had spent for the child's support is not grounded upon or governed by the statute; it alleges a common-law obligation. Gully v. Gully, above. Appellee defends the summary judgment as to this claim for recovery on the contention it is barred by limitation. It is in the nature of an ordinary action for debt and is governed by the two-year statute of limitation, Art. 5526, V.A.C.S. Maxwell v. Maxwell, Tex.Civ.App., 204 S.W.2d 32, 39, writ ref. n. r. e.; Ramsey v. Oliver, Tex.Civ. App., 246 S.W.2d 332, 334, n. w. h.; Dilger v. Dilger, Tex.Civ.App., 271 S.W.2d 169, 170; Hartman v. Hartman, Tex.Civ.App., 32 S.W.2d 233, 234; 21 Tex.Jur.2d Sec. 393, p. 14.

The common law duty of, and liability for support extends over the entire period of the child's minority, Gully v. Gully, above, and is not governed by the age limitation in Art. 4639a. The child for whose support it is alleged plaintiff in the present case furnished necessaries has not attained his majority, according to her pleading. Plaintiff first asserted the common-law cause of action in June, 1964. The recovery sought was limited by the petition to expenditures made before the husband's death December 31, 1962.

A portion at least of the recovery sought under the common-law cause of action, therefore, was not barred by limitation under facts apparent on the face of plaintiff's pleadings, and the summary judgment that plaintiff take nothing was consequently not authorized.

Reversed and remanded.