**William James RANFORD, Appellant,**

**v.**

**Betty Jean RANFORD (Menner), Appellee.**

**No. 17746.**

Court of Civil Appeals of Texas, Dallas.

Dec. 17, 1971.

Rehearing Denied Jan. 14, 1972.

Henry J. McCluskey, Jr., Dallas, for appellant.

R. F. Pratt, Pratt & Thompson, Houston, for appellee.

BATEMAN, Justice.

This appeal is from an order of the Domestic Relations Court finding that appellant was $2,000 in arrears in child support payments under a prior order of the court, and ordering him to pay it in monthly installments. No statement of facts was filed. Appellant contends that the invalidity of the order appealed from appears as a matter of law from the transcript. We agree.

The transcript discloses that appellant was granted a divorce from appellee by

judgment dated June 23, 1969. That judgment ordered appellant to contribute $250 per month to the support of three minor children of the parties.

On January 25, 1971 appellant filed his motion to decrease the child support from $250 to $150 per month on the ground that one of the three children had reached the age of eighteen years and was no longer residing with appellee. Appellee filed a motion that appellant be held in contempt until certain arrearages in past due child support payments shall have been paid. In the order appealed from the court made certain findings of fact, among which were: (1) that the parties and their attorneys had agreed to the reduction of the child support to $150 per month for the two minor children still residing with appellee; (2) that appellant "was not guilty of willful contempt of the orders of this Court for failure to make the child support payments under the original Divorce Decree but [3] that he was Two Thousand Dollars ($2,000.00) in arrears." The order reduced the child support payments to $150 per month pursuant to the agreement, and ordered appellant to pay, in addition thereto, $50 per month until the arrearages of $2,000 have been paid in full.

The sole question is whether the finding that appellant was $2,000 in arrears, followed by the order that this amount be paid at the rate of $50 per month, is valid and enforceable, or invalid and unenforceable. Counsel for both parties are in agreement that there is no Texas authority which directly answers this question, and we have found none.

It is well settled in Texas that the trial court has no authority to render a personal judgment against a parent for accumulated unpaid child support. Vernon's Ann.Civ.St. of Texas, Article 4639a, gives the court "full power and authority to enforce said judgments by civil contempt proceedings," and civil contempt proceedings are held to be the only remedy for enforcement of child support orders. Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119, 121 (1957).

In the early case of Ex parte Davis, 101 Tex. 607, 111 S.W. 394 (1908), the Supreme Court held that the wife's claim for support of herself and her children *pendente lite* was not a "debt" within the constitutional provision prohibiting imprisonment for debt. This rule was followed in Ex parte Birkhead, 127 Tex. 556, 95 S.W.2d 953 (1936); Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 51, 75 A.L.R. 1305 (1931), and many other cases. Citing *Davis* and *Cunningham* as authority, this court held, in McDonald v. Mercantile Nat. Bank at Dallas, 162 S.W.2d 991 (Tex.Civ.App., Dallas 1942, no writ), that the father's liability under an order to make payments for child support is not a debt enforceable by the divorced wife by garnishment proceedings. See also Clay v. Siercovich, 388 S.W.2d 25 (Tex.Civ.App., Waco 1965, no writ), and Brito v. Brito, 346 S.W.2d 133 (Tex.Civ.App., El Paso 1961, writ ref'd n. r. e.).

In Thompson v. Thompson, 371 S.W.2d 572 (Tex.Civ.App., Fort Worth 1963, no writ), the divorced wife asked the trial court to hold her former husband in contempt of court for failure to pay arrearages of child support payments in the amount of $9,675. The trial court expressly found, as did the court in the case at bar, that the husband was not in contempt of court. However, it rendered a personal, final money judgment in the wife's favor for $9,600, with interest and providing for execution. This judgment was reversed on appeal, the court holding that in view of the well settled rule that child support orders may be enforced only by contempt proceedings the trial court had no authority to render a separate judgment for the arrearages.

The only differences between the facts of *Thompson* and those in the case at bar are that in *Thompson* the judgment was for a lump sum bearing interest, and provided for enforcement by execution, while in this case the amount found to be owing is made payable in monthly installments, without interest and without provision for execution or other means of enforcement. We are of the

opinion that these differences are not sufficient to distinguish the two cases. In each case the trial court, after expressly refusing to find the father in contempt, nevertheless found and adjudged that he was liable for the arrearages. We think the principle involved is the same in both cases.

■ It is with great reluctance that we hold that when the trial court refused to find appellant in contempt for failing to pay the arrearages the appellant's legal liability therefor was extinguished. We make this decision in spite of our view that the trial court's order was obviously a sensible and just solution of the problem confronting it, motivated by a worthy and sincere desire to protect the rights and interests of the minor children. We share that concern, but do not think we have authority to approve an order or judgment which we consider to be in conflict with the aforesaid opinions of the Supreme Court, as analyzed by the said courts of civil appeals.

Therefore, we sustain appellant's single point of error and reverse that part of the judgment appealed from which found that appellant was $2,000 in arrears in child support payments and ordered him to pay it in monthly installments of $50 each, and, pursuant to Rule 434, Vernon's Texas Rules of Civil Procedure, we render judgment that appellee take nothing under that part of the order. Other parts of the order, which are not attacked and which are based upon agreement of the parties, are affirmed.

Reversed and rendered in part and affirmed in part.

GUITTARD, J., dissents.

GUITTARD, Justice (dissenting).

I do not agree that the judgment here is the same as a money judgment. Neither do I agree that the trial court's recital that appellant "was not guilty of willful contempt" is equivalent to a finding that he was not in contempt.

Decisions such as Thompson v. Thompson, 371 S.W.2d 572 (Tex.Civ.App., Fort Worth 1963, no writ), hold that since the obligation to pay child support is not a debt, no personal judgment can be rendered for payments past due, and that the only remedy is contempt under Tex.Rev.Civ.Stat., Art. 4639a (Supp.1971). The order now under review is not a personal judgment for money in favor of the appellee. It is enforceable only in the future by contempt, if monthly payments on the arrearage as well as the current payments are not made. Consequently, I do not regard it as contrary to those decisions.

In my view, this judgment can be sustained by application of familiar rules of appellate review. Since appellant has the burden to show error, every reasonable presumption must be indulged in favor of the judgment, and in the absence of either a statement of facts or separate findings of fact, such facts as are necessary to support the judgment must be presumed to have been found. Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363 (1945). Though the judgment recites certain findings, implied findings on other matters necessary to support the judgment may be supplied by presumption. Construction and General Labor Union v. Stephenson, 148 Tex. 434, 225 S.W.2d 958 (1950). If a judgment is susceptible of more than one interpretation, it should be construed so as to sustain its validity. It should also be construed to include necessary legal implications, although not expressed in precise words, since the legal effect rather than the particular language governs. Keton v. Clark, 67 S.W.2d 437 (Tex.Civ.App., Waco 1933, writ ref'd).

In accordance with these rules I would presume that the trial court found, after hearing evidence, that appellant was in arrears in his child support payments but that he was not willfully disobedient. Such findings would support an order holding him in contempt but sparing him the penalty of jail, and permitting him to purge himself of such contempt by paying out

the arrearage in monthly installments. Ex parte Hooks, 415 S.W.2d 166 (Tex.Sup. 1967). In my opinion, the present order does just that, although it does not expressly recite that appellant was in contempt.

My principal disagreement with the majority opinion turns on interpretation of the following recital in the judgment:

"It was found by the Court that the Petitioner was not guilty of willful contempt of the orders of this Court for failure to make the child support payments under the original Divorce Decree but that he was Two Thousand Dollars ($2,000.00) in arrears."

I would construe this recital as a finding that appellant was in contempt, though not willfully disobedient. The distinction is important. Willfulness, in the sense of intention to disobey the court's order, is not an essential element of civil contempt. Disobedience in itself is contempt. McComb v. Jacksonville Paper Co., 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1948). Though Texas authority is meager, our Supreme Court recognized in Herring v. Houston National Exchange Bank, 113 Tex. 337, 255 S.W. 1097 (1923), that lack of intention to violate a court's order is no excuse, and none of the civil contempt cases I have read require willfulness. The finding that appellant was in arrears is in itself a finding that he disobeyed the divorce decree, and the legal implication that he was in contempt necessarily follows.

I would not presume against the judgment, as the majority do, that the court heard evidence of excusing circumstances. Appellant had the burden of showing circumstances excusing such disobedience. Ex parte Padfield, 154 Tex. 253, 276 S.W.2d 247 (1955). The recital of no "willful contempt" requires only a presumption that the court heard evidence showing that he was not guilty of intentional disobedience, but lack of such intent is no excuse. Indeed, the record presented by appellant contains no pleadings in response to appellee's petition for contempt and thus no allegation by appellant of any excuse for failure to make the payments.

Other provisions of the judgment support the conclusion that the trial court found appellant to be in contempt, notwithstanding the recital that he was not guilty of "willful contempt." The judgment recites "that the material allegations of the pleadings on file in this case are true and correct." The pleadings include appellee's petition for contempt, which alleges that appellant is in arrears in child support payments ordered by the divorce decree in excess of $2,000 and that he "is now, and has been at all times subsequent to June 23, 1969, gainfully employed and is fully able and capable of making any and all payments required by the Order of this Court." The recital that the pleadings are true must be construed as a finding that appellant was not excused by inability to make the payments. In the absence of a statement of facts we must presume that the evidence supports this finding.

Moreover, the judgment orders appellant to pay $50 per month in addition to the regular payments of $150 per month, until the arrearage is paid in full. If necessary to support the judgment, we must presume a finding that he was in contempt (but not willfully so) in failing to keep the payments current.

If the judgment had recited expressly that appellant was guilty of contempt, but not willful contempt, I suppose our duty to affirm would be clear. I am convinced that the absence of such an express recital should not be controlling, since the necessary finding and legal conclusion should be supplied by implication to support the judgment. Consequently, I would affirm.