**Delma Olephia Manson MILLER, et vir, Frank J. Miller, Appellants,**

**v.**

**TWO INVESTORS, INC., Appellee.**

**No. 17745.**

Court of Civil Appeals of Texas, Dallas.

Dec. 30, 1971.

Rehearing Denied Jan. 14, 1972.

Esir Tobolowsky, Dallas, for appellants.

Hal Potts, Fanning & Harper, Dallas, for appellee.

GUITTARD, Justice.

The question is whether a divorced father's community interest in a house and lot, which was occupied by his former wife under the terms of a divorce decree until the youngest child reached the age therein specified, may be charged in a subsequent partition suit with taxes paid by her during her occupancy and also with the amount of his past due child support payments. We hold that his interest cannot be so charged.

The facts are stipulated. Homer Manson and defendant Delma Manson, now Mrs. Miller, were divorced on August 3, 1953. The decree awarded Delma the exclusive right to occupy the property and use all rents and revenues from it until the youngest child should reach twenty-one years of age on February 17, 1968. Delma occupied the property continuously after the divorce, and during the period up to February 17, 1968 she paid $994.43 in taxes. On that date the total amount of child support payments past due was $8,930. On July 14, 1969 Manson conveyed his interest to a trustee. The trustee conveyed to plaintiff Two Investors, Inc., who brought this suit for partition. The trial court found that the property was not susceptible of division in kind and ordered it sold and the proceeds divided. The court denied Mrs. Miller any allowance in that division for the taxes paid or for the past due child support payments.

By her first point appellant contends that she is entitled to reimbursement for the taxes she paid, or at least to half of such taxes, because they were a lien on the property and her payments protected Manson's interest as well as her own. She relies on our opinion in Gilleland v. Meadows, 351 S.W.2d 656 (Tex.Civ.App., Dallas 1961, no writ). After examination of that opinion and the briefs on that appeal, we conclude that it is not controlling on the question now before us. In that case the divorced wife had occupied the property for ten years after the divorce, but her

exclusive right to do so had terminated on her remarriage after seven years. In a subsequent partition suit, she claimed reimbursement for mortgage payments, taxes, insurance and improvements on the property during the entire ten years without any offset for the reasonable rental value of the property during her occupancy. The court sustained the former husband's contention that she was not entitled to such reimbursement without allowing an offset for the value of the use of the property after termination of her exclusive right of occupancy. No point was raised as to whether she had sole responsibility for taxes, as distinguished from mortgage payments and improvements, paid during her period of exclusive occupancy, and that question was not discussed.

We hold that one who has the right under a divorce decree to exclusive occupancy of property and to enjoyment of the rents and revenues from it has the obligation to pay the taxes, unless the decree otherwise directs. This holding is supported by cases in which the divorced wife's exclusive right of occupancy under the divorce decree amounted to a life estate. Berg v. Berg, 232 S.W.2d 783 (Tex. Civ.App., Dallas 1950, no writ); Sims v. Sims, 62 S.W.2d 495 (Tex.Civ.App., Galveston 1933, writ dism'd). Her right of occupancy is analogous to the right of a surviving spouse to exclusive occupancy of the homestead. In that situation equity and good conscience have been held to require that the person entitled to the enjoyment and revenues of the property should also be responsible for current taxes. Sargeant v. Sargeant, 118 Tex. 343, 15 S.W.2d 589 (1929). Without deciding whether the former wife's right of occupancy here was equivalent to a life estate, we hold that the equity and good conscience likewise require her to assume the burden of the taxes.

 In her second point appellant contends that her former husband's interest in the property is chargeable with his past due child support payments. She insists

that in a partition suit the court has broad powers to adjust all equities between the parties. No authority is cited to support her claim that child support payments may be considered among these equities. A parent's obligation to make the child support payments ordered in a divorce decree is imposed for the benefit of the minor children and is enforceable only by contempt under Tex.Rev.Civ.Stat.Ann., art. 4639a (Supp.1971). It is not a debt to the other parent which can be reduced to judgment and enforced by execution or garnishment. Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119 (1957); Thompson v. Thompson, 371 S.W.2d 572 (Tex.Civ.App., Fort Worth 1963, no writ). Consequently, it is not a claim which can be enforced by adjustment of equities in a partition suit.

Although appellant may have a cause of action against her former husband for her expenditures for the children's necessaries which he has failed to provide, Gully v. Gully, 111 Tex. 233, 231 S.W. 97 (1921), no such cause of action was pleaded or proved here.

Affirmed.