Betty Jean Ranford MENNER, Petitioner,

v.

William James RANFORD, Respondent.

No. B–3234.

Supreme Court of Texas.

Oct. 4, 1972.

Pratt & Thompson, Richard F. Pratt, Houston, for petitioner.

Henry J. McCluskey, Jr., Dallas, for respondent.

McGEE, Justice.

This case involves the power of a trial judge to amend his prior judgment with regard to child support payments by increasing the monthly payments in the sum of $50 until the father's delinquency in past payments of $2,000 has been paid in full.

The sole question on appeal is whether the trial court's finding that the divorced father was two thousand dollars in arrears for child support payments followed by an order that this amount be paid at the rate of fifty dollars ($50) per month was a valid and enforceable order. The court of civil appeals, Ranford v. Ranford, at 475 S.W.2d 590, reversed the trial court and held that it was not a valid order. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

The facts may be summarized as follows: On June 23, 1969, W. J. Ranford, Respondent, was granted a divorce from Petitioner, Betty Jean Ranford; she later remarried and her name is Menner. The divorce decree ordered Respondent to pay child support payments of $250 per month. At the time of the divorce custody of the three children was awarded to Petitioner. When the oldest child became 18 years of age, Respondent filed this suit to reduce his support obligation to $150 per month. Petitioner countered with a motion that Respondent be held in contempt until certain arrearages in past due child support payments shall have been paid. In the order appealed from, the trial court made certain findings of fact: (1) that the parties agreed that the child support should be reduced to $150 per month; (2) that Respondent "was not guilty of willful contempt of the order of this court for failure to make the child support payments under the original divorce decree, but (3) that he was two thousand dollars ($2,000) in arrears." This order reduced the child support payments to $150 per month and ordered Respondent to pay an additional $50 per month until the arrearage of $2,000 had been paid in full.

■ We agree with the statement by the court of civil appeals that the wife's claim for child support is not a debt. The father's liability under an order requiring child support payments is not a personal judgment enforceable by execution or garnishment. The only remedy for enforcement of the order of child support payments is a civil contempt action. Article 4639a, Vernon's Texas Civil Statutes. Ex Parte Earl M. Hooks, 415 S.W.2d 166 (Tex.1967); Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119 (1957); Thompson v. Thompson, 371 S.W.2d 572 (Tex.Civ.App. 1963, n. w. h.); McDonald v. Mercantile Nat. Bank, 162 S.W.2d 991 (Tex.Civ.App. 1942, n. w. h.).

Based upon the cases cited above, and others, the court of civil appeals in this case erroneously held "that when the trial court refused to find appellant in contempt for failing to pay the arrearages the appellant's legal liability therefor was extinguished." Contempt has been characterized as the courts' means of "enforcing obedience to their decrees." Ex Parte Birkhead, 127 Tex. 556, 95 S.W.2d 953 (1936). The order now under review is not a personal judgment for money, nor is it necessarily an attempt by any means to "enforce obedience to a decree." Instead, it is an exercise of the court's power, co-existing with the power to enforce by contempt, to alter a previous order.

■ We quote Article 4639a, Sec. 1, Vernon's Texas Civil Statutes, in part, and emphasize the portions applicable here:

"[The] court may by judgment, order either parent to make periodical payments for the benefit of such child or children, until same have reached the age of eighteen (18) years, or, said court may enter a judgment in a fixed amount for the support of such child or children, *and such court shall have full power and authority to enforce said judgments by civil contempt proceedings* after ten (10) days notice to such parent of his or her failure or refusal to carry out the terms thereof, and for the purpose of ascertaining the ability of the parents of such child or children to contribute to the support of same, they may be compelled to testify fully in regard thereto, under penalty of contempt of court, as in other

cases. *Said court shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require, upon notice to such parent* as above provided for, or with his or her consent."

In *Ex Parte Birkhead,* supra, this court stated, regarding Art. 4639a:

"In this regard, the court is given the power and authority to alter, change, and suspend such orders as the facts and circumstances and justice may require. *Also,* by the express terms of the statute, the only remedy for the enforcement of such orders is by civil contempt proceedings." [Emphasis added].

We think it apparent that the exercise of the power to change, alter, or suspend is not dependent on a finding of willful contempt. An express finding that the father was not in willful contempt does not affect the court's power to alter, change or suspend. The trial court, having before it the occasion to alter its previous order because of one child's reaching the age of eighteen (18) years, acted by reducing the monthly amount set by its earlier order, and acted further by ordering future payment of the amount then in arrears.

■ We recognize that a common practice of the courts of this State is to allow one found in contempt of a child support order to purge himself by payment of the arrearage in lieu of confinement; however, we find no authority to the effect that such a finding of contempt is necessary in order for the court to consider the arrearage under a prior order, and alter the time at which that amount is due. An order such as the one here reviewed amounts to an accommodation to the delinquent father. It is an alteration as the facts and circumstances and justice required, and, if in the future monthly payment on the arrearage as well as the current payments are not made, the order may be enforced by contempt.

We hold that the provisions of Art. 4639a, Vernon's Texas Civil Statutes, quoted above, fully empowered the trial court to alter its original judgment to permit payment of the arrearage by monthly payments in the sum of $50 per month until paid in full.

We reverse the judgment of the court of civil appeals insofar as it altered the trial court judgment and affirm the judgment of the trial court.

CALVERT, Chief Justice (dissenting).

I respectfully dissent.

While the judgment rendered in this case and the court's opinion supporting that judgment may achieve a desirable result, in my opinion both misinterpret and misapply the provisions of Art. 4639a, V. A.T.S., and undoubtedly fly squarely in the face of our interpretation of the statute in a number of our prior decisions.

Article 4639a authorizes a trial court to "order either parent to make *periodical payments* [1] for the benefit of such child or children . . . or . . . [to] enter a *judgment in a fixed amount* . . . ." The court is then given "power and authority to alter or change such judgments, or suspend the same . . . ." The power to alter, change or suspend child support judgments is thus the same whether such judgments be for periodic payments or in fixed amounts.

In speaking of the power of the trial court to alter, change or suspend "such judgments," the statute comtemplates, in my opinion, that this power will be exercised with respect to future obligations under such judgments and does not contemplate that cumulated periodic payment arrearages may by judgment be spread out over a future time except as an incident to the court's power to require a contemnor

---

1. Emphasis mine.

to purge himself of contempt. No cases are cited in the majority opinion, and I suggest that none can be found in our appellate courts' opinions, which interpret the statute contrary to the interpretation I give it here. This statute has been a part of our statutory law since 1935, and *if it were* subject to the interpretation given it by the majority *surely that interpretation would* have been discovered by the courts in something less than thirty-seven years.

Courts are well aware of the proper methods of dealing with such matters by contempt proceedings, the only enforcement provision prescribed by the Legislature. Upon finding a party guilty of contempt, a court may direct that the party may purge himself of his contempt by paying an arrearage in installments with the direction that no commitment issue as long as such payments are made, as in Ex parte Arapis, 157 Tex. 627, 306 S.W.2d 884 (1957); or that the party be in continuing contempt until the arrearage is paid, as in Ex parte Hooks, 415 S.W.2d 166 (Tex. 1967); or by any number of contempt devices. We have held in a number of cases that child support payments may be enforced only by contempt proceedings. Now, however, we are saying they may be enforced by new judgments for support. If the Legislature had intended enforcement by that type of judgment, it could have prescribed it as an additional judicial weapon.

The judgment rendered by the majority is also erroneous because the trial court did not purport to do what the majority has held it had the power to do, even if it be granted that the power exists. The court had before it two matters. The husband's motion to alter the judgment for support payments by diminishing them from $250 to $150 per month, and a motion by the wife that the husband be directed to appear and show cause why he should not be held in contempt for failure to make prior payments as directed. The two matters were entirely separate and distinct, as is clearly indicated by the opening sentence in the court's judgment, which reads:

"On the 26th day of April, 1971 came on to be heard the Plaintiff's Motion to Decrease Child Support and Defendant's Motion for Contempt for Failure to Make Child Support Payments . . ."

The judgment recited that the parties had agreed "to the *reductions in child support* to One Hundred Fifty Dollars ($150.-00) per month." The court then found that the plaintiff was "not guilty of willful contempt" in failing to "make the child support payments under the original Divorce Decree but that he was Two Thousand Dollars ($2,000.00) in arrears." The trial court's judgment then reads:

"It is therefore ORDERED, ADJUDGED AND DECREED, by the Court that the Plaintiff's Motion to Decrease Child Support is hereby granted by agreement of the parties and their attorneys and the child support is now reduced to One Hundred Fifty Dollars ($150.00) per month total for the two children of this marriage who are still under the age of eighteen and still living with the Defendant BETTY JEAN RANFORD (MENNER).

It is further ORDERED, ADJUDGED AND DECREED that the Trial Amendment of Defendant offered April 26, 1971 is hereby granted and that the Plaintiff be and is hereby ordered to pay Fifty Dollars ($50.00) per month into the child support office of Dallas County until the Two Thousand Dollars ($2,000.00) has been paid in full. This Fifty Dollars ($50.00) per month is to be in addition to the regular child support payment of One Hundred Fifty Dollars ($150.00) per month and is to commence on the 15th day of May, 1971 and to continue and be due and payable on the 15th day of each month thereafter until paid in full."

Even a cursory reading should disclose that while the first paragraph of the quot-

ed decree purported to alter or change the child support judgment providing for periodic future payments, the second quoted paragraph thereof did not purport to alter, change or suspend that judgment in any respect. It merely ordered the husband to pay $50 per month until he had paid in full an arrearage of $2,000. I suggest that it will come as a surprise to the trial judge and the attorneys in the case, and particularly to all three judges of the court of civil appeals, all of whom dealt with the problem as one of contempt, to find that the second part of the judgment has been found to be valid by this court on the ground that it constituted an exercise by the trial judge of his statutory power to alter, change or suspend the judgment for periodic payments which he originally entered. Moreover, we surely are aware that if the husband fails to make the new monthly payments of $50 and they are cumulated in a sizable sum, the trial court may again direct that the arrearage be paid in installments over a future period, then once again, ad infinitum, without ever using the power of contempt to compel such payments. No longer will collection of unpaid installments be enforced through contempt; rather, collection will be through a simple motion or petition that the trial court rearrange payment of arrearages. The delinquent party will avoid contempt citations and proceedings by the simple expedient of filing his own petition for relief from burdensome accumulated delinquencies.

I cannot agree with the opinion of the dissenting justice in the court of civil appeals who felt that the second paragraph of the trial court's judgment should be supported on an implied finding of contempt. It would not be enough for us to imply that the trial judge had found the husband guilty of contempt (though not willful), we would also have to imply a direction that the husband could purge himself of the contempt by making the future monthly payments of $50, and that, if he failed to do so, a commitment for imprisonment would be implied.

I agree with the majority of the court of civil appeals that judgment of the trial court should be reversed. I need not decide whether a rendition of judgment should be ordered or whether a remand should be ordered in the interest of justice.