Gordon Raymond SMITH, Appellant,

v.

Maurine G. SMITH, Appellee.

No. 12133.

United States Court of Appeals
Sixth Circuit.

Dec. 14, 1954.

Lester S. Moll, Detroit, Mich. (Moll, Desenberg, Purdy & Glover, Detroit, Mich., on the brief), for appellant.

Richard Harvey, Detroit, Mich. (Alexander, Cholette, Buchanan, Perkins & Conklin, Detroit, Mich., on the brief), for appellee.

Before SIMONS, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

MARTIN, Circuit Judge.

This is an appeal by the husband in a New York separation action, from a summary judgment entered in the United States District Court for Eastern Michigan in favor of the wife, based on a New York judgment for accumulated alimony and child's support.

No testimony was adduced at the pretrial hearing, when the motion of appellee for summary judgment and the motion of appellant to dismiss were heard and considered; and, without any findings of fact or conclusions of law, the district judge entered an *ipse dixit* summary judgment for the appellee wife. Notwithstanding his failure to state the grounds of his decision, we think the judgment of the district judge was correct.

Appellant insists that the Supreme Court of New York for Westchester County, which issued the show-cause order involved, did not acquire jurisdiction over appellant, who was residing in Michigan and was, therefore, no longer a resident of New York, by service upon him in Michigan of a copy of its show-cause order; that the New York judgment entered pursuant to section 1171–b of the Civil Practice Act of New York, Laws of New York, 1948, Ch. 212, section 7, was not a valid and final judgment, such as would entitle it to full faith and credit when sued upon in a United States District Court in Michigan; and that the New York court did not possess jurisdiction over the non-resident husband to the extent that it was privileged to enter personal judgment against him for attorneys' fees not contemplated in the original separation judgment.

■ We agree with the contention of appellee (the wife) that the New York statute upon which the judgment was based does not require service of process upon the defendant husband, when he is

in default in the payment of any money which the judgment requires him to pay, but simple notice of the proceedings is required and the manner of notice is left to the discretion of the court. Service of process is not necessary to the acquisition of jurisdiction. There is nothing in the pertinent section of the New York law which provides for notice to or service upon a husband residing beyond the territorial jurisdiction of New York, where he duly appeared in person or by attorneys in the original separation or divorce action commenced in a New York court having appropriate jurisdiction. In the case at bar, admittedly the husband had actual notice.

Section 1171-b of the Civil Practice Act of New York, supra, provides, as follows: "Enforcement by execution of judgment or order in action for divorce, separation or annulment. Where the husband, in an action for divorce, separation, annulment, or declaration of nullity of a void marriage, or a person other than the husband when an action for an annulment is maintained after the death of the husband, makes default in paying any sum of money as required by the judgment or order directing the payment thereof, the court in its discretion may make an order directing the entry of judgment for the amount of such arrears, or for such part thereof as justice requires having a regard to the circumstances of the respective parties, together with ten dollars costs and disbursements. *The application for such order shall be upon such notice to the husband or other person as the court may direct.* Such judgment may be enforced by execution or in any other manner provided by law for the collection of money judgments. The relief herein provided for is in addition to any and every other remedy to which the wife may be entitled under the law; provided that when a judgment for such arrears or any part thereof shall have been entered pursuant to this section, such judgment shall thereafter not be subject to modification under the discretionary power granted by this section; and after the entry of such judgment the judgment creditor shall not thereafter be entitled to collect by any form of remedy any greater portion of such arrears than that represented by the judgment so entered. (Added L. 1939, ch. 431, in effect Sept. 1, as amended L. 1940, ch. 226, in effect Sept. 1; L. 1947 ch. 743, in effect Sept. 1; as amended, L. 1948 c. 212, sec. 7, eff. March 21, 1948." [Italics supplied.]

Durlacher v. Durlacher, 173 Misc. 329, 17 N.Y.S.2d 643, 647, involving construction of the foregoing New York statute, held that, in view of the force of a separation judgment, neither the absence of the defendant from the State of New York nor his change of residence impaired the jurisdiction of the court, and that he continued to be subject to its mandate. See also Estin v. Estin, Sup., 63 N.Y.S.2d 476, 484.

The show-cause order involved herein directed that notice be given by personal service upon appellant in Michigan of a copy of the order before the specified date. Service was so made in Michigan, with the result that he had an opportunity to appear in the New York action, either personally or by attorney, and to show cause why the judgment should not be entered. He deliberately failed to avail himself of the opportunity. Therefore, it does not lie in his mouth to complain that the judgment sued upon in the instant action was not properly entered by a tribunal having jurisdiction over his person and by a court which gave him proper notice of the proceedings.

Moreover, in our view, the judgment sued upon in the present action is a final judgment and entitled to full faith and credit in another jurisdiction under the Constitution of the United States. See Sistare v. Sistare, 218 U.S. 1, 16, 30 S.Ct. 682, 54 L.Ed. 905. See also Durlacher v. Durlacher, 9 Cir., 123 F.2d 70, 71.

We have considered the authorities cited by appellant, including the old case of Pennoyer v. Neff, 95 U.S. 714, 24 L. Ed. 565; Stewart v. Eaton, 287 Mich.

466, 476, 477, 283 N.W. 651, 120 A.L.R. 1354; and Griffin v. Griffin, 327 U.S. 220, 228, 66 S.Ct. 556, 90 L.Ed. 635, wherein, concededly, the judgment had been entered without actual notice to or appearance by the defendant and without any form of service of process calculated to give him notice of the proceedings.

We find that none of these cases gainsays the reasoning upon which our affirmance of the district court is based. In fact, the authorities cited are simply not in point, all being easily differentiable.

The judgment is affirmed.