PEARSON, TILLMAN, Judge.
The appellant, Lewis W. Davis, is a former husband of Helen Davis, the appel-lee. The parties were divorced in 1947. The decree of divorce required the appellant to make monthly payments of $100 for the support and maintenance of a minor child of the marriage. On November 18, 1954, tire former wife secured a money judgment for allegedly back due payments of the husband. The judgment entered on the 16th day of December 1954, was in part as follows:
“It further appearing to the Court that in the final decree of divorce and under the Statutes of the State of Florida, the Court has continuing jurisdiction of Defendant to enforce the said final decree; and
“It further appearing to the Court that Defendant has failed and refused to pay for the support, maintenance, education and medical and dental bills of the said minor child of the parties in accordance with the final decree herein and that Defendant is indebted to Plaintiff in the sum of $6304 therefor *880 for the period from May 14, 1950, to November 14, 1954; and
“It further appearing to the Court that Defendant has moved to Tucson, Arizona, and that his address is known to be 5239 E. Holmes Street, Tucson, Arizona, and that on November 18, 1954, Defendant was given due notice by registered mail at the above address that Plaintiff’s Motion for entry of judgment against him would be heard before this Court, and the Court being otherwise fully advised in the premises, it is, upon consideration,
“ORDERED, ADJUDGED and DECREED that Plaintiff recover of and from Defendant the sum of $6304, together with interest amounting to $835.28, making a total of $7139.28, for which let execution issue forthwith.”
On February 12, 1963, the appellant moved to vacate the judgment. This motion contained the following allegations:
“6. That on November 18th, 1954, the Plaintiff, HELEN DAVIS, who had remarried and was and is now HELEN SCHWAMM, filed a Motion for entry of Judgment, through her attorney, NATALIE WEINSTEIN, alleging that the Defendant had failed to pay any monies towards the support, maintenance and education of the child of the parties ALICE GWEN DAVIS, since May 14th, 1950 and that in addition . thereto that medical and dental bills had been incurred in behalf of the child totaling $1004.00, and praying for entry of judgment in the sum of $6304.00. That no notice of this motion was given to the attorney of record for the Defendant, JACK A. ABBOTT, Esq. and the court file and docket, on examination reveals that Defendant’s Solicitor never withdrew as counsel for the Defendant. That no affidavit was made by the Plaintiff with respect to (a) That diligent search and inquiry had been made by her to ascertain and discover the name and residence of the Defendant and (b) That he was not in the military service. That the said notice was sent, allegedly by the Plaintiff, through her Solicitor, to the Defendant, at 5239 E. Holmes Street, Tucson, Arizona. That appended to the notice filed in the cause, was a certification that same had been sent with a copy of the Motion for entry of Judgment, to the Defendant, via registered United States mail.
“7. That the Defendant never received the said notice.”
The record contains nothing to show that the notice was not received other than the allegation in the petition to vacate the judgment.
On the first day of March 1963, the court entered its order “denying motion to vacate judgment and petition for rehearing”. This order recited as follows:
“THIS CAUSE came on to be heard before me on the defendant’s, LEWIS W. DAVIS’S, ‘Motion to Vacate Judgment Petition for Re-Hearing, and the plaintiff’s Motion to Dismiss and Motion to Quash, and the Court having heard argument of counsel, examined all of the pleadings heretofore filed herein, the Court finds that the Final Judgment dated December 16, 1954, is a regular, valid, judgment, properly entered by this Court, and the defendant’s pleading does not allege any fraudulent acts committed by the plaintiff sufficient to give this Court jurisdiction or to modify or vacate said judgment, and the Court being otherwise fully advised in the premises, it is thereupon
“ORDERED, ADJUDGED AND DECREED that the defendant’s LEWIS W. DAVIS’S, Motion to Vacate Judgment Petition for Re-Hearing be and the same is hereby denied with prejudice.”
*881 This appeal is from that order. The question as we see it is whether or not the petition to vacate judgment is sufficient to raise an issue of lack of notice of the application for judgment. We hold that although actual notice is necessary upon a motion to reduce an alimony or support order to judgment, Moore v. Lee, Fla.1954, 72 So.2d 280, 42 A.L.R.2d 1112, yet the petition filed in this cause was not sufficient to raise the issue of actual notice. Appellant attempts to raise this issue entirely by a self-serving statement that no notice was received. He does not say that he did not live at the address to which the notice was sent nor does this record reveal that the registered letter was returned to the sender.
Affirmed.