Theodore Joseph DAVI, Appellant,

v.

Victoria Anne DAVI, Appellee.

No. 7986.

Court of Civil Appeals of Texas, Texarkana.

May 12, 1970.

Rehearing Denied June 2, 1970.

---

c. 29 Am.Jur.2d Evidence § 168.

Wm. Andress, Jr., Andress, Woodgate & Hartt, Dallas, for appellant.

Robert C. Cox, Erhard, Cox & Ruebel, Fred S. Stradley, Akin, Vial, Hamilton, Koch & Tubb, Dallas, for appellee.

CHADICK, Chief Justice.

This appeal is from a judgment signed and entered on the 30th day of July, 1969, ordering Theodore Joseph Davi to pay $300.00 per month for the support of his three children. This, the July 30, 1969, order supplanted an earlier order of the same court in a divorce decree. The Domestic Relations Court No. Two of Dallas County on April 2, 1963, in Cause No. 62,7722–DR/2 styled, "Theodore Joseph Davi vs. Victoria Anne Davi", granted Victoria Anne Davi, cross defendant, a divorce. The decree in that case contained the following provisions that must be particularly examined in determining this appeal, to-wit:

"\* \* \* and it is FURTHER ORDERED, ADJUDGED AND DE-CREED that the Cross Plaintiff have

the exclusive custody, care and control of the minor children born of the union, to-wit: JEANNE ELIZABETH DAVI, THEODORE WYNN DAVI, AND MERRY ECHO DAVI, * * And that the Cross Defendant pay as child support the amount of ONE HUNDRED TWENTY FIVE ($125.00) DOLLARS a month for the support of his three (3) children, * * * : it is further

"ORDERED, ADJUDGED AND DE-CREED that the Property Settlement Agreement entered into by and between the parties be and the same hereby is approved; it is further * * *."

Besides settling the property interest of the parties, the written property settlement agreement, approved in the divorce decree, contained a paragraph pertaining to agreed child support identical in substance with the support provision of the divorce decree.

Victoria Anne Davi filed a motion on December 13, 1968, in the original divorce action described above and in the court where the divorce action was originally adjudicated, praying for an increase to $300.00 in child support. At the time Mrs. Davi's motion for an increase was filed, Theodore Joseph Davi was residing in the State of New Jersey. He was served in New Jersey with notice of the pendency of the proceeding to increase child support and ordered to show cause, if any, why support of the children should not be increased to the sum of $300.00 per month. In a special appearance made pursuant to Rule 120a, Texas Rules of Civil Procedure (1967), Mr. Davi plead that he was not amenable to the process of the Texas courts because he was a non-resident, and moved the proceeding be dismissed for want of jurisdiction over his person. The Rule 120a motion was overruled. Counsel for Mr. Davi withdrew from the case. The court proceeded to trial upon Mrs. Davi's motion for increased support, and at the conclusion of the hearing entered judgment that monthly support be increased to $300.-00.

Theodore Joseph Davi has perfected an appeal from such judgment. Two points of error are presented and briefed, to-wit:

"Point One. The provisions for child support being contractual, the Court does not have jurisdiction to modify it by an increase without appellant's consent.

"Point Two. The Court does not have jurisdiction to render an in personam judgment for increased child support against a non-resident father served by non-resident process without his appearance."

In considering point One, reference must be made to the original divorce judgment dated April 2, 1963. The child custody and support division in the original judgment neither approves nor refers to a support agreement between the parties. A separate and independent division of the judgment approved the property settlement agreement the parties made. The child support provisions incorporated in and a part of the written property agreement was not mentioned in the order approving the property settlement, and since support had been adjudicated in a previous division of the judgment there is no apparent intent or reason to readjudicate it. The trial judge was under a statutory duty upon granting the divorce to make a support order that would serve the best interests of the children, after making an investigation into their surroundings and circumstances. Tex. Rev.Civ.Stat.Ann. art. 4639a (1960). The record here for consideration does not show on its face the support order was the result of a contract, or that it is contractual in nature. The trial judge was duty bound to exercise independent judicial discretion when ordering support for the children, and the presumption is that the order is based upon the court's investigation of the facts of the case. It is a familiar rule of policy that, in the absence of evidence to the contrary, courts and judges are presumed to have acted regularly as to matters within their authority. 1 McCormick and Ray, Texas Law of Evidence § 98. But if this court be mistaken in concluding that the

support provision of the original judgment is not contractual in nature, it becomes immaterial in this particular proceeding. Neither an agreement between the parties respecting child support nor a judgment entered pursuant thereto precludes a district court from thereafter exercising the powers and duties given the court by Art. 4639a. Mobley v. Mobley, 221 S.W.2d 565 (Tex. Civ.App. San Antonio 1949, wr. dism'd) ; De Viney v. De Viney, 269 S.W.2d 936 (Tex.Civ.App. Texarkana, 1954, writ. ref'd, ·n. r. e.) ; Hardin v. Hardin, 247 S.W.2d 614 (Tex.Civ.App. San Antonio, 1954).

 In considering the second point it is well to observe that support orders for the benefit of immature children are fraught with the complexities incidental to life in a world where change is constant. The universal concern of people for the welfare of immature children born of marriages dissolved by divorce is manifest in both judicial decision and legislative action. It is unnecessary to review early judicial development in the field, as the statute previously cited, Art. 4639a, now makes it expressed law and public policy that judgments in divorce cases provide for the support of children under 18 years of age, and that courts pronouncing judgment "shall have power and authority to alter or change such judgments, or suspend the same, as the facts and circumstances and justice may require." Before the mentioned statute was amended to raise from 16 to 18 years the age of children embraced, the Supreme Court held the statute conferred upon district courts the right to retain jurisdiction of support judgments until children reach the age specified in the statute. Ex parte Birkhead, 127 Tex. 556, 95 S.W. 2d 953 (1936). Authority and obligation to make provision for the support of children is a continuing power and duty of the court granting the divorce, and the court's original jurisdiction of the parties is retained for that purpose. Ex parte Mullins, 414 S.W.2d 455 (Tex.1967) ; Ex parte Webb, 266 S.W.2d 855 (Tex.1954) ; Ex parte Roberts, 139 Tex. 644, 165 S.W.2d 83

(1942). The statute conditions exercise of the authority upon previous notice of 10 days to the affected party or parties.

The adequacy of notice in this case is not questioned. Nor is jurisdiction a serious question. Original jurisdiction of the person of Theodore Joseph Davi was obtained in the original divorce action, and a phase of that action, child support, was pending upon the docket of the trial court subject to further trial and order as changing circumstances might dictate. Having obtained jurisdiction the court retains it until exhausted by disposing of the whole subject matter of the litigation. 15 Tex. Jur.2d Courts, § 53 (1960). Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.