Caroline M. HOLCOMB, Plaintiff,

v.

Dr. J. E. HOLCOMB, Defendant.

No. 75–C–84–C.

United States District Court, N. D. Oklahoma.

Dec. 19, 1975.

Jack I. Gaither, Tulsa, Okl., for plaintiff.

William S. Hall, Green, Feldman & Hall, Tulsa, Okl., for defendant.

## MEMORANDUM OPINION

COOK, District Judge.

Plaintiff herein, Caroline M. Holcomb, and defendant herein, J. E. Holcomb, have each filed a Motion for Summary Judgment and submitted briefs in support thereof. A hearing on the respective motions was held on November 5, 1975, at which time oral arguments were presented.

The parties have stipulated to the following factual situation. On January 27, 1971, the District Court of El Paso County, Texas, 41st Judicial District, in a case styled "In the Matter of the Marriage of J. E. Holcomb and Caroline M. Holcomb, No. 70–1091" rendered a decree of divorce wherein it was ordered, adjudged, and decreed by the court that J. E. Holcomb pay to the clerk of that court the sum of Six Hundred Dollars ($600.00) per month as support for the two (2) minor children of the parties until further order of the court. The District Court of El Paso County, Texas, 41st Judicial District, had jurisdiction of the subject matter and of the persons of both parties to render said decree and judgment. There has been no appeal and no subsequent proceedings in Cause No. 70–1091 except those which are hereinafter set out. After October 1, 1970, and prior to March 16, 1971, Dr. J. E. Holcomb moved from the State of Texas and became a resident of Nowata County, Oklahoma, and continues such residency to the present time. Caroline M. Holcomb on March 16, 1971, filed a petition for support under the Uniform Reciprocal Enforcement of Support Act of the State of Texas styled "Caroline Polk Holcomb vs. John Edward Holcomb, Jr., no. 71–1213". Said proceedings were transmitted by the District Court of El Paso County, Texas 34th Judicial District, to the District Court of Nowata County, Oklahoma, and filed in that court under a case styled "Caroline Polk Holcomb vs. John Edward Holcomb, Jr., No. C–71–17". John Edward Holcomb, Jr., was served in person with summons and filed an answer in said proceedings in the District Court of Nowata County, Oklahoma, on April 22, 1971. Dr. J. E. Holcomb and John Edward Holcomb, Jr., are one and the same person. On July 16, 1971, the District Court of Nowata County, Oklahoma, made and entered its order adjudging and decreeing that the defendant was not in arrears in the payment of the child support payments ordered by him to be paid under and pursuant to the terms of the divorce decree entered in the District Court of El Paso County, Texas, 41st Judicial District on January 27, 1971; and further ordering, adjudging and decreeing that the support payments for the two (2) minor children shall be reduced from Six Hundred Dollars ($600.00) per month to One Hundred Dollars ($100.00) per month, effective May 1, 1971. The District Court of Nowata County, Oklahoma, had jurisdiction of plaintiff's petition for support under the provisions of the Uniform Reciprocal Enforcement of Support Act and of the persons of both parties to render an order. There has been no appeal and no subsequent proceedings in Cause No. C–71–17. Dr. J. E. Holcomb has paid the sum of Four Thousand Five Hundred Fifty Dollars ($4,550.00) (through March, 1975)

for the support of his minor children since January 27, 1971. On December 10, 1974, Caroline M. Holcomb filed a motion for judgment and unpaid child support in said Cause No. 70–1091 in the District Court of El Paso County, Texas, 41st Judicial District. On December 10, 1972, the District Court of El Paso County, Texas, 41st Judicial District, made and entered an order for J. E. Holcomb to appear on January 3, 1975, at 10:30 a. m. and show cause why that court should not enter judgment against him as prayed for in said motion. A true and exact copy of said order to show cause was served upon Dr. J. E. Holcomb in person in Nowata County, Oklahoma, by the Sheriff of that county on December 15, 1974. Dr. J. E. Holcomb filed no response to said motion for judgment for unpaid child support; and he did not appear in said District Court of El Paso County, Texas, 41st Judicial District, on January 3, 1975, either in person or by attorney. The District Court of El Paso County, Texas, 41st Judicial District, on January 3, 1975, rendered judgment in favor of Caroline M. Holcomb and against J. E. Holcomb in the sum of Twenty-Five Thousand, Five Hundred Dollars ($25,500.00). There has been no appeal or other proceedings in said Cause No. 70–1091 subsequent to said judgment.

■ Defendant contends that the Texas Court was without jurisdiction over the person of the defendant in rendering the money judgment dated January 3, 1975, herein sued upon, and, therefore, such judgment is void. At oral argument, plaintiff alleged that the issue of personal jurisdiction cannot be collaterally attacked in this Court and cited *City of Buffalo v. Plainfield Hotel Corp.,* 177 F.2d 425 (2nd Cir.1949) and *United States v. Mulcahy,* 169 F.2d 94 (2nd Cir.1948), in support thereof. These cases hold that a decision relating to jurisdiction either of the person or of subject matter is not subject to collateral attack where it was made in proceedings *in which the jurisdictional questions were in issue* and in which the parties were given full opportunity to litigate. However, in the case at bar, the issue of personal jurisdiction was not raised or litigated, the defendant not having appeared.

According to 6 J. Moore, Federal Practice, ¶ 55.09, at 55–202 (1974):

"[I]f the defendant appears and contests the jurisdiction of the court over . . . his person . . . and that issue is decided against him and he thereafter defaults, the default judgment is not subject to collateral attack or opening for lack of jurisdiction. Nor is it where the party appears but fails to contest jurisdiction. *And, although he made no appearance, if the court had the requisite jurisdiction over him that is needed for the type of judgment—in personam, quasi in rem, or in rem—which it renders, the default judgment is not subject to collateral attack or opening for lack of jurisdiction.*" (emphasis added)

As stated in *Higginson v. Schoeneman,* 89 U.S.App.D.C. 126, 190 F.2d 32 (1951), "It is universally recognized that a final judgment of a court of competent jurisdiction, of the parties and the subject matter, is not subject to . . . a collateral attack." See also *Bass v. Hoagland,* 172 F.2d 205 (5th Cir.1949); 49 C.J.S. Judgments § 401 (1947).

■ Therefore, if the Court determines that the Texas court which entered the judgment sought to be enforced herein had the requisite jurisdiction over the defendant as well as subject matter jurisdiction, the determination by that court in regard to the amount due cannot now be collaterally attacked.

■ The Court does not take issue with defendant's contention that the reduction of alleged support payment arrearages to a money judgment is an in personam judgment and to be valid a court rendering such judgment must have in personam jurisdiction over the defendant.

The Court notes that prior to January 1, 1974, based upon the applicable Texas statute, Article 4639a, Vernon's Ann.Civ.St., civil contempt was the only remedy for the enforcement of child support orders. *Burger v. Burger,* 156 Tex. 584, 298 S.W.2d 119

(1957). Under this statute, the trial court was without power, on motion of a divorced wife to reduce child support arrearages to a separate judgment. *Brito v. Brito*, 346 S.W.2d 133 (Tex.Civ.App.1961). See also *Forney v. Jorrie*, 511 S.W.2d 379 (Tex.Civ. App.1974); *Menner v. Ranford*, 487 S.W.2d 698 (Tex.Sup.1972); *Ex Parte Hatch*, 410 S.W.2d 773 (Tex.Sup.1967).

However, the Legislature of Texas in adopting Title 2 of the Texas Family Code, to be effective January 1, 1974, provided an additional method of enforcement. Section 4 thereof provides:

"(a) This Act takes effect on January 1, 1974, and governs all proceedings, orders, judgments, and decrees in suits and actions brought after it takes effect, and also all further proceedings in actions then pending, except to the extent that in the opinion of the court its application in an action pending when this Act takes effect would not be feasible or would work injustice. . . ."

Section 14.09 of the newly enacted Family Code of Texas provides alternative methods of enforcing child support orders and states in pertinent part:

"(a) Any order of the court may be enforced by contempt.

(b) On the motion of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days' notice to the defaulting party of his failure or refusal to carry out the terms of the order. The judgment may be enforced by any means available for the enforcement of judgments for debts.

■ As stated, the parties stipulate that on December 10, 1974, the District Court of El Paso County, Texas, entered an order for J. E. Holcomb to appear on January 3, 1975, at 10:30 a. m. and show cause why that court should not enter judgment against him as prayed for. A true and exact copy of said order to show cause was served upon J. E. Holcomb in person in Nowata County, Oklahoma, by the Sheriff of that county on December 15, 1974. The notice requirement of Section 14.09 was therefore complied with.

Defendant argues, however, that Section 14.09 does not provide for acquisition of personal jurisdiction over an out-of-state defendant, and cannot be constitutionally construed to do so in keeping with the minimum contacts requirements of due process. Furthermore, defendant contends that the only remaining vehicle to secure in personam jurisdiction over a non-resident defendant would be pursuant to the Texas long-arm statutes which do not purport to cover domestic relations or marital controversies. Plaintiff, on the other hand, contends that the in personam jurisdiction of the divorce court, having been acquired by the defendant's appearance at the time of the divorce, is the basis for continuing personal jurisdiction over the defendant. Plaintiff relies heavily on the following language in *Davi v. Davi*, 456 S.W.2d 238 (Tex. Civ.App.1970):

". . . Authority and obligation to make provision for the support of children is a continuing power and duty of the court granting the divorce, and the court's original jurisdiction of the parties is retained for that purpose."

However, in *Davi* the plaintiff was not seeking to secure a money judgment against the defendant husband but was merely seeking a modification of child support. At the time *Davi* was decided, prior to enactment of Section 14.09, the only method of securing a money judgment for child support arrearages as stated was by contempt, and it can therefore be argued that the court was referring only to continuing subject matter jurisdiction of the Court to modify support rather than continuing personal jurisdiction over the defendant.

■ This Court properly looks to the determination of the courts of the State of Texas to ascertain the scope and intent of Section 14.09 as passed by the Legislature of Texas. It is well, settled, that a court that renders judgment against a defendant, thereby tacitly asserts, if it does not do so

expressly, that it has jurisdiction over that defendant. *Har-Pen Truck Lines, Inc., v. Mills,* 378 F.2d 705 (5th Cir.1967); *Jackson v. Southern Ry. Co.,* 317 F.2d 532 (5th Cir. 1963); *Yanow v. Weyerhaeuser S.S. Co.,* 274 F.2d 274 (9th Cir.1959), cert. denied, 362 U.S. 919, 80 S.Ct. 671, 4 L.Ed.2d 739 (1960); *O. F. Nelson & Co. v. United States,* 169 F.2d 833 (9th Cir.1948). Therefore, the District Court of El Paso County, Texas, having entered judgment, implicitly found that it had continuing personal jurisdiction over the defendant to implement the provisions of Section 14.09. There being no interpretation by a court of the State of Texas to the contrary, the Court finds that the law of the State of Texas should be so interpreted.

■ If Section 14.09 is so interpreted, resort to a "long-arm" statute is not required in order to secure in personam jurisdiction, and application of the "minimum contact" requirement to the domestic relations field is not in question.

While no cases have been decided by the Courts of Texas construing the particular statute in question, courts of other jurisdictions have interpreted similar statutes in a like manner. For example, in *Smith v. Smith,* 217 F.2d 917 (6th Cir.1954) an action was brought by the plaintiff to recover from the defendant accumulated alimony and child support adjudged due by a New York Court. The defendant contended that the New York Court which issued a show-cause order to the husband, did not acquire jurisdiction over him by service upon him in Michigan of a copy of its show-cause order since he was residing in Michigan and was, therefore, no longer a resident of New York. The Court, based upon its interpretation of Section 1171–b of the Civil Practice Act of New York,[1] held that neither the absence of the defendant from the State of New York nor his change of residence impaired the jurisdiction of the court, and he continued to be subject to its mandate. As stated by the Court:

> "The show-cause order involved herein directed that notice be given by personal service upon appellant in Michigan of a copy of the order before the specified date. Service was so made in Michigan, with the result that he had an opportunity to appear in the New York action, either personally or by attorney, and to show cause why the judgment should not be entered. He deliberately failed to avail himself of the opportunity. Therefore, it does not lie in his mouth to complain that the judgment sued upon in the instant action was not properly entered by a tribunal having jurisdiction over his person and by a court which gave him proper notice of the proceedings."

In *Sewell v. Trimble,* 84 U.S.App.D.C. 193, 172 F.2d 27 (1948), the wife appealed the decision of the lower court which dismissed her motion for unconditional judgment of arrears of maintenance. The appellate court reversed the dismissal, holding:

1. Section 1171–b of the Civil Practice Act of New York provides as follows: "*Enforcement by execution of judgment or order in action for divorce, separation or annulment.* Where the husband, in an action for divorce, separation, annulment, or declaration of nullity of a void marriage, or a person other than the husband when an action for an annulment is maintained after the death of the husband, makes default in paying any sum of money as required by the judgment or order directing the payment thereof, the court in its discretion may make an order directing the entry of judgment for the amount of such arrears, or for such part thereof as justice requires having regard to the circumstances of the respective parties, together with ten dollars costs and disbursements. The application for such order shall be upon such notice to the husband or other person as the court may direct. Such judgment may be enforced by execution or in any other manner provided by law for the collection of money judgments. The relief herein provided for is in addition to any and every other remedy to which the wife may be entitled under the law; provided that when a judgment for such arrears or any part thereof shall have been entered pursuant to this section, such judgment shall thereafter not be subject to modification under the discretionary power granted by this section; and after the entry of such judgment the judgment creditor shall not thereafter be entitled to collect by any form of remedy any greater portion of such arrears than that represented by the judgment so entered."

" 'When the suit was begun, the court duly acquired jurisdiction over the person of the defendant for the purpose, not only of the divorce and alimony issues, but also those relating to the custody, care, and maintenance of the child. That jurisdiction continued so long as was necessary to make effective the court's orders and decrees in the determination of the latter issues.' . . . It follows that only 'some form of notice by personal or substituted service' was necessary in respect to appellant's motion."

*Davis v. Davis,* 159 So.2d 879 (Fla.App. 1964) was a proceeding on a motion by the divorced husband to vacate the judgment obtained by the divorced wife for child support arrearages. Both parties appeared in the original divorce proceedings. Subsequent thereto, the husband moved to a foreign state, and was given notice by registered mail at his foreign address of the action for arrearages. The appellate court upheld the judgment finding that a showing had not been made that the actual notice necessary had not been received by defendant, and therefore the necessary notice prerequisite had been met and the judgment was valid.

Similarly, in *Leff v. Leff,* Sup., 202 N.Y. S.2d 729 (1960) and *Mueller v. Mueller,* 36 Ill.App.2d 305, 183 N.E.2d 887 (1962) the Courts held that where a wife seeks to secure a money judgment against the husband for unpaid back alimony in the court in which they both originally appeared and secured a divorce, that the court retained jurisdiction to enter the money judgment against the husband even though he had moved outside of the state and a show-cause order had been served on him at his foreign residence.

In keeping with the above, 24 Am.Jur.2d, Divorce and Separation § 862 (1966) provides:

"An application to enforce the provisions of a decree in an action for a divorce concerning support of a child is a supplementary proceeding incidental to the original suit. The court has a continuing jurisdiction in this respect. . . .

Where a divorce court has continuing jurisdiction to enforce a support order, a service upon a nonresident husband by mail is valid."

The Court therefore finds that the District Court of El Paso, Texas, had both subject matter jurisdiction and in personam jurisdiction of defendant, J. E. Holcomb, and that the defendant received proper notice of the proceedings.

As stated in *Bass v. Hoagland,* supra, "It is well settled law in the federal courts that a judgment of a court having jurisdiction of the parties and of the subject matter is conclusive of the matter it decides and cannot be collaterally attacked for error in procedure or as to the merits."

▮ Title 28 U.S.C. § 1738 provides that the judicial proceedings of all state courts "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." Under the compulsion of this statute federal courts are required to give full effect to the final judgments of state courts, subject only to the narrowly circumscribed avenues of collateral attack. *Hazen Research, Inc., v. Omega Minerals, Inc.,* 497 F.2d 151 (5th Cir.1974).

Defendant could have appeared in the Texas proceedings and raised the issue of the purported modification by the Oklahoma court of the child support decree. Failing to do so, defendant cannot now collaterally attack the judgment based upon that contention.

Plaintiff's Motion for Summary Judgment is, therefore, hereby sustained and the judgment rendered by the District Court of El Paso County, State of Texas, 41st Judicial District is recognized as valid. Plaintiff acknowledges receipt of $4,550.00 from defendant for child support payments and this amount will therefore be deducted from the $25,500.00 judgment rendered by the District Court of El Paso County, Texas.