## Ex Parte F. M. Davis.

### No. 1875.  Decided June 17, 1908.

**1.—Husband and Wife—Divorce—Alimony—Contempt.**

A husband who refuses to comply with an order of court requiring him to pay attorney's fees and a monthly allowance for the support of his wife and minor children during the pendency of her suit against him for divorce, may be imprisoned for contempt until he complies with the order. (Pp. 611.)

**2.—Same—Debt—Imprisonment.**

The allowance by the court of alimony for the wife's support and her attorney's fees, to be paid by the husband pending her suit for divorce, is not a debt which she can enforce by civil proceeding; and his commitment for contempt in refusing to pay such allowance is not imprisonment for debt, such as is prohibited by the Constitution. (Pp. 611, 612.)

**3.—Same—Cases Distinguished.**

Ex Parte Gerrish, 42 Texas Crim. Rep., 114; Ex Parte Ellis, 37 Texas Crim. Rep., 539; Lott v. Kaiser, .61 Texas, 665; discussed and distinguished. (Pp. 610, 611.)

Original application by relator Davis, to the Supreme Court for writ of habeas corpus.

*F. D. Cosby,* for relator.—The judgment rendered in favor of Mrs. Davis for alimony is a debt and can not be collected by proceedings for contempt, nor can the defendant be imprisoned therefor. Ward v. Ward, 2 Batts Civ. Stats., p. 307, sec. 10321; Ex parte Gerrish, 42 Texas Crim. Rep., 114; Ex parte Ellis, 37 Texas Crim. Rep., 539; Lott v. Kaiser, 61 Texas, 665; Rivera v. White, 94 Texas, 538; Wright v. Wright, 6 Texas, 29; Coughlin v. Ehlert, 39 Mo., 285; Goodwillie v. Mulliman, 56 Ill., 523.

A judgment being a debt, as above shown, the judgment rendered by the District Court of Dallas County in this proceeding for contempt, is null and void, for the following reasons: (1) The court had no jurisdiction to make an order undertaking to compel the payment of a debt by a contempt proceeding. (2) Imprisonment for debt is prohibited by the Constitution of the State of Texas. Bill of Rights, sec. 18; Ward v. Ward, 2 Batts Civ. Stats., p. 307, sec. 10321; Ex parte Gerrish, 42 Texas Crim. Rep., 114.

Where the judgment of the District Court is void for any reason and an attempt is made to imprison the defendant by reason of such judgment, the writ of habeas corpus lies for release. Ex parte Ellis, 37 Texas Crim. Rep., 539; Ward v. Ward, 2 Batts Civ. Stats., p. 309, sec. 10324; Ex. parte Gerrish, 42 Texas Crim. Rep., 114.

*Chas. A. Rasbury,* for respondent.—The right to enforce payment of alimony by contempt proceedings belongs inherently to a court having jurisdiction in divorce suits and is not at all dependent upon statute nor does the imprisonment of the husband as a result of contempt proceedings in divorce suits violate a constitutional provision against imprisonment for debt. Such allowances are not ordinary debts. The principle involved is the refusal of the defendant to do a thing which the court upon a fair and impartial determination has found the defendant able to do and which he wilfully and contumaciously refuses to do. The court has set aside certain money as much the property of his wife as it is the property of the defendant, and directed the defendant to pay it over. The defendant does not deny that he has the money but says it is a debt and the court has no authority to require him to comply with the orders of the court. Ex parte Latham, 82 S. W. Rep., 1046; Hurd v. Hurd, 63 Minn., 443; S. C., 65 N. W. Rep., 728; Lewis v. Lewis, 80 Ga., 706; S. C., 6 S. E. Rep., 918; Carlton v. Carlton, 44 Ga., 216; Wightman v. Wightman, 45 Ill., 167; Ex parte Perkins, 18 Cal., 60; Ex parte Todd, 119 Cal., 57; Lyon v. Lyon, 21 Conn., 185; Andrew v. Andrew. 62 Vt., 495; Haines v. Haines, 35 Mich., 138.

Mr. Justice Brown delivered the opinion of the court.

The relator presented to this court his petition for writ of habeas corpus praying that he be discharged from the custody of the sheriff of Dallas County by whom he is held under commitment for contempt of the District Court, 44th District, in Dallas County. It will ap-

pear from the statement that the order of commitment was entered in a civil proceeding.

The application was granted and the case submitted to this court on the following undisputed facts. Mrs. S. J. Davis, the wife of relator, instituted a suit in the 44th District Court of Dallas County against relator for a divorce from the bonds of matrimony and for the custody of their two minor daughters. Prayer was also made for alimony and for an allowance for attorney's fees. Upon application for alimony and attorney's fees made before the presiding judge of that court it was shown that Mrs. Davis was without means to support herself and children and that relator was earning $212 per month. There was no contest over the fact that Davis was able to pay the amount which was allowed by the court. Upon a hearing, to which Davis was duly notified and appeared, the court entered an order allowing the plaintiff $100 attorney's fees, and it was also ordered that Davis pay into the court $80 per month for each month, to be paid over to Mrs. Davis for the support of herself and her minor children during the pendency of the suit. Respondent refused to pay the alimony or attorney's fees and plaintiff in the case filed a motion before the court upon which respondent was duly cited and appeared, in which motion it was alleged that Davis had refused to pay the sum adjudged by the court to be by him paid for alimony and it was prayed by the motion that he be adjudged to be in contempt of court and that he be committed to prison until he should comply with the order of the court. At this hearing Davis offered no excuse for his failure and refusal to pay the money allowed by the court, but simply contended that the allowance was a debt against him and that the court had no power to commit him for contempt for a refusal to pay the debt. After hearing the evidence and arguments upon the motion the Honorable Court made the following order:

"And it further appearing to the court that since the entry of the above order requiring the payment of alimony, the defendant has earned $1,272 and has contributed nothing to the support and maintenance of his family and offers no excuse for so doing other than that by law he is not required to do so and yet refuses and declines to pay the amount of alimony set out in said order and has not to the date of this order paid any portion of the alimony directed to be paid, it is the opinion of the court that the defendant is in contempt of the orders and decrees of this court.

"It is therefore ordered, adjudged and decreed by the court that the defendant, said F. M. Davis, is in contempt of this court in refusing to obey its mandate and decree and he is therefore hereby held and decreed to be in contempt of this court and in punishment therefor is hereby committed to the county jail of Dallas County, Texas, and shall be confined therein until such time as he shall purge himself of such contempt, by complying with the order of this court.

"It is further ordered, adjudged and decreed, and the sheriff of Dallas County is hereby commanded and directed to seize and take charge of said defendant, F. M. Davis, and hold and confine him in

the county jail of Dallas County, Texas, subject to the further orders. of this court."

Davis still refused to pay the sum adjudged against him as alimony for his wife as well as attorney's fees and on the 21st day of May, 1908, a commitment was duly issued against the said Davis directed to the sheriff of Dallas County under which he was arrested and confined.

The relator submits his case upon this proposition: "The judgment rendered in favor of Mrs. Davis for alimony is a debt and can not be collected by a proceeding for contempt, nor can the defendant be imprisoned therefor."

In support of his proposition that he can not be imprisoned because of his refusal to pay the amount assessed against him as alimony for his wife and children relator cites Ward v. Ward, 1 Paschal's Digest of Decisions, sec. 1837; Ex parte Gerrish, 42 Texas Crim. Rep., 114, 57 S. W. Rep., 1123; Ex parte Ellis, 37 Texas Crim. Rep., 539, 40 S. W. Rep., 275; Lott v. Kaiser, 61 Texas, 665. Ward v. Ward was decided by Associate Justice J. H. Bell, of the Supreme Court of this State, upon a writ of habeas corpus, at chambers, in the year 1861. There is no report of the case and. we have not been able to ascertain the facts upon which the decision was based. Under these conditions it can have no weight as authority.

In Lott v. Kaiser the contest was over a conveyance which had been made by one of the parties to defeat the claim of his wife for alimony, the deed being made during the pendency of the suit for divorce. In deciding the case the Supreme Court speaking by Judge Stayton said: "It seems to be well settled that, pending a divorce suit, a wife asserting a just claim for alimony is, within the meaning of the statutes prohibiting fraudulent conveyances, to be deemed a creditor." This does not establish the proposition that her claim was a debt within the meaning of the Constitution, nor that she was a creditor, but that under the circumstances she was entitled to the same protection against the fraudulent conveyance that a creditor would be.

Ex parte Gerrish was a writ of habeas corpus before Judge Brooks of the Court of Criminal Appeals. In a suit for divorce against Gerrish. by agreement between himself and his wife, judgment was entered, in the entry of the judgment granting a divorce, that he should pay $20 per month for the support of his child until it had arrived at a certain age, or should marry. Upon his refusal to pay, the Judge of the District Court adjudged Gerrish to be guilty of contempt of court and directed his imprisonment until he should comply with the judgment. Judge Brooks very properly held that the original judgment was not entered by the court as an allowance for alimony, but was a judgment for money upon an agreement between the parties, which was a debt within the terms of the constitution, therefore the failure to pay the judgment did not subject Gerrish to the procedure for contempt and imprisonment and he was discharged.

In Ex parte Ellis a writ of habeas corpus was granted by Judge.

Henderson of the Court of Criminal Appeals and the facts appear to be that in a suit for divorce between Ellis and his wife a divorce was awarded and the custody of the child was given to the mother, and the court, reciting the fact that the mother was unable to support the child and that the father was in good circumstances, made an order that he should pay to the mother $5 a month until the child should arrive at the age of eight years. Ellis having failed to pay the sum adjudged against him, the court cited him to appear, and, upon a hearing, adjudged him to be in contempt of the court and directed that he be committed to jail until he should comply with the order. This order was made in vacation and Judge Henderson held that the district judge had no authority in vacation to make such an order and therefore discharged the prisoner from custody.

The position of the relator seems to be sustained by Coughlin v. Ehlert, 39 Mo., 285, also by Goodwillie v. Millimann, 56 Ill., 523.

Under the statutes of this State the filing of a suit for divorce gives to the District Court jurisdiction over the husband and wife and their minor children and over the community estate of the parties. In order to enable the court to compel the husband to perform the natural and legal duty to support his wife the district judge is empowered by the following articles of the Revised Statutes to assess alimony against the husband:

"Art. 2985. Pending any suit for a divorce the court or the judge thereof may make such temporary orders respecting the property and parties as shall be deemed necessary and equitable."

"Art. 2986. If the wife, whether complainant or defendant, has not a sufficient income for her maintenance during the pendency of the suit for a divorce, the judge may, either in term time or vacation, after due notice, allow her a sum for her support in proportion to the means of the husband, until a final decree shall be made in the case."

Mrs. Davis being without the means of support for herself and her children and Davis having ability to support them, it was both his natural and legal duty to do so notwithstanding the pendency of the suit for divorce. The wife had a claim upon Davis for the performance of his duties toward her and her children, and, the court having jurisdiction of all the parties, had the power to compel the husband to discharge his obligation to his wife and children. Davis having refused to obey the order of the court and it appearing that he was able to comply with the order and that he had no excuse for the refusal to do so, the District Court had authority to order him into confinement until he should comply with its mandate. 1 Ency. Pl. & Pr., 439; 14 Cyc., 760; Carlton v. Carlton, 44 Ga., 220; Lewis v. Lewis, 80 Ga., 706; Chase v. Ingalls, 97 Mass., 527; Lyon v. Lyon, 21 Conn., 196; Andrew v. Andrew, 62 Vt., 498; Haines v. Haines, 35 Mich., 144; Pain v. Pain, 80 N. C., 322.

It is claimed by the relator that the order of the court assessing against him a sum as alimony to be paid to his wife for the support of herself and her children was a judgment, and, being a judgment, it was a debt for the enforcement of which he could not be

imprisoned under the Constitution of this State. We have cited only a portion of the authorities which sustain the action of the court, we might have added many others, for so far as we have been able to find the decisions of the courts upon the question are unanimous.

The claim of Mrs. Davis for support of herself and children was not a debt. She could not have maintained an action against her husband to enforce that duty except in the manner in which it was done in the proceedings for divorce. The Constitution of this State does not prohibit the imprisonment of a man except for the collection of a debt and the proceeding in this case being for the enforcement of a duty natural and legal, due from Davis to his wife and children, all of whom were subject to the jurisdiction of the court, does not come within the prohibition of the Constitution.

Neither was the order of the court directing the payment of the sum by Davis into court for the benefit of his wife and children a debt; the order was in fact not a final judgment. It was limited to the time when the final judgment should be entered in the suit and under our statute could not go beyond that. The order was interlocutory strictly and collateral to the proceeding for divorce, a method by which the court would enforce its jurisdiction over the parties and compel the doing of an act in the discharge of a duty from one to the other. There are many instances in the proceedings of the courts where the performance of an act may be enforced by imprisonment and would not come within the prohibition of the Constitution although it might involve the payment of money. The order made in this case was not a final judgment for it was subject at any time to modification, or even to be set aside and annulled by the judge who entered it, and the performance of it could be by the judge excused at any time upon a showing of inability or other good reason why it should not be performed. The order could not be enforced except in that proceeding for divorce. If it were not complied with the plaintiff in the case could not maintain an action in any other court in this State to enforce the payment. 4 Ency. Pl. & Pr., 432, 433. It seems to us clear that the order entered by the court did not in any sense constitute a debt against the defendant, Davis.

The judgment of the District Court commanding that the relator be confined in jail until he shall comply with the order of the court is not void, therefore, it is ordered by this court that the relator be remanded to the custody of the sheriff of Dallas County to be by him confined under the order of the District Court and that the relator pay all costs of this proceeding.