**In re Jonathan Leon SKERO.**

**No. 09–08–171 CV.**

Court of Appeals of Texas, Beaumont.

Submitted on April 21, 2008.

Decided May 1, 2008.

Celia A. Brown, Law Offices of Celia A. Brown, P.C., Kingwood, for relator.

William A. Adair, Conroe, for real party in interest.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

PER CURIAM.

The trial court found relator, Jonathan Leon Skero, in contempt of court and committed him to jail for thirty days. Among other orders relating to the protection of the physical safety of Skero's family members, the underlying family violence protective order found that family violence had occurred, gave Skero sixty days to file an affidavit stating he had started counseling, and ordered Skero to pay $1,750 to

the attorney for the applicant. The contempt order finds Skero violated a family violence protective order by failing to file with the court an affidavit stating he started anger management counseling and by failing and refusing to pay attorney's fees. In this habeas corpus proceeding, relator complains he is imprisoned for nonpayment of a debt in violation of the Texas Constitution. *See* TEX. CONST. art. I, § 18. We deny the petition for writ of habeas corpus.

In two issues, Skero contends the order to pay attorney's fees is a debt that is not enforceable through contempt, and the entire order is void because the trial court did not assess punishment separately for the two violations. "No person shall ever be imprisoned for debt." TEX. CONST. art. I, § 18. Generally, an obligation to pay money arising out of a contract is a debt within the meaning of Article I, section 18. TEX. CONST. art. I, § 18 interp. commentary (Vernon 2007). An obligation that is a legal duty arising out of the status of the parties, as opposed to a debt, may be enforced through the court's contempt powers. *See In re Henry*, 154 S.W.3d 594, 596 (Tex.2005) (past due child support and related attorney's fees); *Ex parte Hall*, 854 S.W.2d 656, 658 (Tex.1993) ("The obligation which the law imposes on spouses to support one another and on parents to support their children is not considered a 'debt' within Article I, section 18, but a legal duty arising out of the status of the parties.").

The central issue presented in this proceeding is whether the protective order, which required Skero to pay attorney's fees to the attorney who rendered services in acquiring the protective order, assessed costs incidental to the enforcement of a legal duty or merely created a debt. Attorney's fees related to child-support contempt actions are considered costs,

not a debt. *In re Henry*, 154 S.W.3d at 596 (citing *Ex parte Helms*, 152 Tex. 480, 259 S.W.2d 184, 188–89 (1953)). In that context, the attorney's fees are a means of enforcing a legal duty in which the public has an interest, and the fees are not viewed as mere debts or money judgments. *Ex parte Helms*, 259 S.W.2d at 188. We must determine whether the fees assessed here are like fees related to child-support contempt actions, or are simply a debt.

Chapter 81 of the Family Code governs protective orders rendered when family violence has occurred. *See* TEX. FAM.CODE ANN. §§ 81.001–81.009 (Vernon 2002 & Supp.2007). "Family violence" is defined in the Family Code. TEX. FAM.CODE ANN. § 71.004 (Vernon 2002). Except on a showing of good cause or indigence of the party found to have committed family violence, a family violence protective order must include all "fees, charges, or expenses incurred in connection with the protective order." *Id.* § 81.003(a). The Family Code expressly provides for enforcement through contempt of an order to pay fees and costs. *Id.* § 81.004(a). Chapter 81 expressly provides for assessment of attorney's fees against a party found to have committed family violence "as compensation for the services of a private or prosecuting attorney or an attorney employed by the Department of Protective and Regulatory Services." *Id.* § 81.005(a). "In setting the amount of attorney's fees, the court shall consider the income and ability to pay of the person against whom the fee is assessed." *Id.* § 81.005(b). Fees paid to a private attorney are paid to that attorney, who may enforce the order in his own name, while fees paid to an attorney employed by a governmental entity are credited to the employing entity. *Id.* § 81.006.

■ The structure of Chapter 81 reveals that the Legislature intended to permit a trial court to assess attorney's fees as costs in a protective order, and intended for payment of those fees to be enforceable. Both attorney's fees and court fees are expressly provided for in the same general provisions that govern fees and costs. *See id.* § 81.002, 81.005. The fee is assessed even when the attorney is a public employee; and in setting the amount of the fee, the court is required to consider the ability to pay of the person against whom the fee is assessed. *See id.* § 81.005. Although section 81.005 states that attorney's fees shall be assessed "as compensation," the term serves to distinguish the assessment of the fee from a fine. *See* TEX. GOV'T CODE ANN. § 21.002(b) (Vernon 2004) (setting maximum fine of $500 for contempt). This distinction is important, because the attorney's fees may be paid to a governmental entity, to whom the applicant may owe nothing. *See* TEX. FAM.CODE ANN. §§ 81.005(a); 81.006. The order of placement of the sections logically expresses a separation between the role of attorneys in obtaining protective orders, found in sections 81.005–81.0075, and other matters associated with obtaining a protective order, rather than an intention to exclude attorney's fees from the fees, charges, and expenses generally addressed in sections 81.003–81.004. We conclude that the Family Code permits the trial court to assess attorney's fees as costs, and allows the trial court to enforce its order through contempt.

The constitutional prohibition against imprisonment for debt applies only if the assessment of attorney's fees in this case is considered a debt. *See* TEX. CONST. art. I, § 18. "There are many instances in the proceedings of the courts where the performance of an act may be enforced by imprisonment and would not come within the prohibition of the Constitution, although it might involve the payment of money." *Ex parte Davis,* 101 Tex. 607, 111 S.W. 394, 396 (1908). Although courts have considered the constitutional prohibition in connection with support and visitation orders, neither party presents any authority regarding the application of Article I, section 18 to protective orders. In support cases, courts draw a careful distinction between voluntary, contractual support obligations and those obligations that arise from a legal duty with a statutory or constitutional basis. *Compare Ex parte Helms,* 259 S.W.2d at 188–89 (attorney's fees in child support enforcement) *and Ex parte Davis,* 101 Tex. 607, 111 S.W. at 396 (attorney's fees and temporary spousal support) *with In re Green,* 221 S.W.3d 645, 647 (Tex.2007) (contractual spousal support). In *Helms,* the Court reasoned that "[t]he attorney's fee is but a part of the procedural remedy for enforcing substantive rights and the fee allowed as well as other costs in the proceeding is incidental to and a part of the payments necessary for the support of the minors." *Ex parte Helms,* 259 S.W.2d at 189. The Court concluded that the defendant's constitutional freedom from imprisonment for debt was not violated by a judgment requiring him to remain in jail until the unpaid support and the attorney's fee was paid. *See id.* at 188–89.

■ A family violence protective order, including the assessment of attorney's fees, enforces a legal duty, not a private agreement or contract between the parties. In this situation, attorney's fees are costs incidental to and of the same nature as the protective order remedy, and are a means of enforcement. The attorney's fee is "but a part of the procedural remedy for enforcing substantial rights and the fee allowed," like other costs in the protective order proceeding, and is "incidental to and a part of" the order necessary to protect

the spouse and the minors from family violence. *See generally id.* We conclude Article I, section 18 does not prohibit the contempt and commitment order.

Skero's sole challenge to the contempt order is based on the claim that he is being imprisoned for a debt. He does not challenge the trial court's power to order him to obtain anger management counseling, or to hold him in contempt for failing to file an affidavit reflecting that he complied with the court's order. *See* TEX. FAM.CODE ANN. § 85.024 (Vernon Supp.2007). He also makes no challenge regarding the clarity of the court's orders. Finally, he does not argue that he was unable to comply with the protective order, nor does he challenge the trial court's finding that he had the ability to pay the attorney's fees.

The relator is not entitled to relief on the issues presented to this Court. Accordingly, we deny the petition for issuance of the writ of habeas corpus. We vacate our previous order granting temporary relief and remand the relator to the custody of the Sheriff of Montgomery County to be confined under the order of the district court.

PETITION DENIED.