In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-08-171 CV


 ______________________



IN RE JONATHAN LEON SKERO






Original Proceeding






OPINION


 The trial court found relator, Jonathan Leon Skero, in contempt of court and
committed him to jail for thirty days. Among other orders relating to the protection of the
physical safety of Skero's family members, the underlying family violence protective order
found that family violence had occurred, gave Skero sixty days to file an affidavit stating he
had started counseling, and ordered Skero to pay $1,750 to the attorney for the applicant. The
contempt order finds Skero violated a family violence protective order by failing to file with
the court an affidavit stating he started anger management counseling and by failing and
refusing to pay attorney's fees. In this habeas corpus proceeding, relator complains he is
imprisoned for nonpayment of a debt in violation of the Texas Constitution. See Tex.
Const. art. I, § 18. We deny the petition for writ of habeas corpus. 

 In two issues, Skero contends the order to pay attorney's fees is a debt that is not
enforceable through contempt, and the entire order is void because the trial court did not
assess punishment separately for the two violations. "No person shall ever be imprisoned for
debt." Tex. Const. art. I, § 18. Generally, an obligation to pay money arising out of a
contract is a debt within the meaning of Article I, section 18. Tex. Const. art. I, § 18 interp.
commentary (Vernon 2007). An obligation that is a legal duty arising out of the status of the
parties, as opposed to a debt, may be enforced through the court's contempt powers. See In
re Henry, 154 S.W.3d 594, 596 (Tex. 2005) (past due child support and related attorney's
fees); Ex parte Hall, 854 S.W.2d 656, 658 (Tex. 1993) ("The obligation which the law
imposes on spouses to support one another and on parents to support their children is not
considered a 'debt' within Article I, section 18, but a legal duty arising out of the status of
the parties."). 

 The central issue presented in this proceeding is whether the protective order, which
required Skero to pay attorney's fees to the attorney who rendered services in acquiring the
protective order, assessed costs incidental to the enforcement of a legal duty or merely
created a debt. Attorney's fees related to child-support contempt actions are considered 
costs, not a debt. In re Henry, 154 S.W.3d at 596 (citing Ex parte Helms, 152 Tex. 480, 259
S.W.2d 184, 188-89 (1953)). In that context, the attorney's fees are a means of enforcing a
legal duty in which the public has an interest, and the fees are not viewed as mere debts or
money judgments. Ex parte Helms, 259 S.W.2d at 188. We must determine whether the fees
assessed here are like fees related to child-support contempt actions, or are simply a debt. 

 Chapter 81 of the Family Code governs protective orders rendered when family
violence has occurred. See Tex. Fam. Code Ann. §§ 81.001-81.009 (Vernon 2002 & Supp.
2007). "Family violence" is defined in the Family Code. Tex. Fam. Code Ann. § 71.004
(Vernon 2002). Except on a showing of good cause or indigence of the party found to have
committed family violence, a family violence protective order must include all "fees, charges,
or expenses incurred in connection with the protective order." Id. § 81.003(a). The Family
Code expressly provides for enforcement through contempt of an order to pay fees and costs. 
Id. § 81.004(a). Chapter 81 expressly provides for assessment of attorney's fees against a
party found to have committed family violence "as compensation for the services of a private
or prosecuting attorney or an attorney employed by the Department of Protective and
Regulatory Services." Id. § 81.005(a). "In setting the amount of attorney's fees, the court
shall consider the income and ability to pay of the person against whom the fee is assessed." 
Id. § 81.005 (b). Fees paid to a private attorney are paid to that attorney, who may enforce
the order in his own name, while fees paid to an attorney employed by a governmental entity
are credited to the employing entity. Id. § 81.006.

 The structure of Chapter 81 reveals that the Legislature intended to permit a trial court
to assess attorney's fees as costs in a protective order, and intended for payment of those fees
to be enforceable. Both attorney's fees and court fees are expressly provided for in the same
general provisions that govern fees and costs. See id. § 81.002, 81.005. The fee is assessed
even when the attorney is a public employee; and in setting the amount of the fee, the court
is required to consider the ability to pay of the person against whom the fee is assessed. See
id. § 81.005. Although section 81.005 states that attorney's fees shall be assessed "as
compensation," the term serves to distinguish the assessment of the fee from a fine. See Tex.
Gov't Code Ann. § 21.002(b) (Vernon 2004) (setting maximum fine of $500 for contempt). 
This distinction is important, because the attorney's fees may be paid to a governmental
entity, to whom the applicant may owe nothing. See Tex. Fam. Code Ann. §§ 81.005(a);
81.006. The order of placement of the sections logically expresses a separation between the
role of attorneys in obtaining protective orders, found in sections 81.005-81.0075, and other
matters associated with obtaining a protective order, rather than an intention to exclude
attorney's fees from the fees, charges, and expenses generally addressed in sections 81.003-81.004. We conclude that the Family Code permits the trial court to assess attorney's fees
as costs, and allows the trial court to enforce its order through contempt.

 The constitutional prohibition against imprisonment for debt applies only if the
assessment of attorney's fees in this case is considered a debt. See Tex. Const. art. I, § 18. 
"There are many instances in the proceedings of the courts where the performance of an act
may be enforced by imprisonment and would not come within the prohibition of the
Constitution, although it might involve the payment of money." Ex parte Davis, 101 Tex.
607, 111 S.W. 394, 396 (1908). Although courts have considered the constitutional
prohibition in connection with support and visitation orders, neither party presents any
authority regarding the application of Article I, section 18 to protective orders. In support
cases, courts draw a careful distinction between voluntary, contractual support obligations
and those obligations that arise from a legal duty with a statutory or constitutional basis. 
Compare Ex parte Helms, 259 S.W.2d at 188-89 (attorney's fees in child support
enforcement) and Ex parte Davis, 101 Tex. 607, 111 S.W. at 396 (attorney's fees and
temporary spousal support) with In re Green, 221 S.W.3d 645, 647 (Tex. 2007) (contractual
spousal support). In Helms, the Court reasoned that "[t]he attorney's fee is but a part of the
procedural remedy for enforcing substantive rights and the fee allowed as well as other costs
in the proceeding is incidental to and a part of the payments necessary for the support of the
minors." Ex parte Helms, 259 S.W.2d at 189. The Court concluded that the defendant's
constitutional freedom from imprisonment for debt was not violated by a judgment requiring
him to remain in jail until the unpaid support and the attorney's fee was paid. See id. at 188-89. 

 A family violence protective order, including the assessment of attorney's fees,
enforces a legal duty, not a private agreement or contract between the parties. In this
situation, attorney's fees are costs incidental to and of the same nature as the protective order
remedy, and are a means of enforcement. The attorney's fee is "but a part of the procedural
remedy for enforcing substantial rights and the fee allowed," like other costs in the protective
order proceeding, and is "incidental to and a part of" the order necessary to protect the spouse
and the minors from family violence. See generally id. We conclude Article I, section 18
does not prohibit the contempt and commitment order. 

 Skero's sole challenge to the contempt order is based on the claim that he is being
imprisoned for a debt. He does not challenge the trial court's power to order him to obtain
anger management counseling, or to hold him in contempt for failing to file an affidavit
reflecting that he complied with the court's order. See Tex. Fam. Code Ann. § 85.024
(Vernon Supp. 2007). He also makes no challenge regarding the clarity of the court's orders. 
Finally, he does not argue that he was unable to comply with the protective order, nor does
he challenge the trial court's finding that he had the ability to pay the attorney's fees. 

 The relator is not entitled to relief on the issues presented to this Court. Accordingly,
we deny the petition for issuance of the writ of habeas corpus. We vacate our previous order
granting temporary relief and remand the relator to the custody of the Sheriff of Montgomery
County to be confined under the order of the district court.





 PETITION DENIED. 

 PER CURIAM

Submitted on April 21, 2008

Opinion Delivered May 1, 2008


Before McKeithen, C.J., Gaultney and Horton, JJ.